■ Rusch Factors, Division of BVA Credit Corporation, Appellant, v Lewis W. Sheffler et al., Respondents.—Order, Supreme Court, New York County, entered February 16, 1977, which, *inter alia,* denied plaintiff's motion for summary judgment, unanimously modified, on the law, by reversing so much thereof as: (1) denied plaintiff's motion for summary judgment; (2) denied plaintiff's supplemental motion for a severance and a stay of the claims against defendant Sheffler; and (3) abated the claims against defendant Sheffler; and by: (1) granting plaintiff's motion for summary judgment on its claims against defendant Danesi on the issue of liability; (2) remanding those claims for a trial limited to the issue of

damages; (3) granting the supplemental motion for a severance and a stay of the claims against defendant Sheffler pending the appointment of his personal representative; and (4) deleting so much thereof as abated the claim against defendant Sheffler, and, as modified, otherwise affirmed. Appellant shall recover of respondent Danesi $60 costs and disbursements of this appeal. The plaintiff, a factor, brought this action on the written guarantee of the defendants. The latter, the principal officers and stockholders in Supreme Synthetic Dyers, Inc., guaranteed the debts and obligations of Supreme to plaintiff under a factoring agreement. Shortly after the guarantee was signed, Supreme was adjudicated a bankrupt in the United States District Court for the Eastern District of New York. Plaintiff moved for summary judgment on the guarantee to recover from the defendants the sum of $124,447, the amount due and owing from Supreme. Plaintiff also sought to recover the sum of $18,667.05 as attorneys' fees in bringing this action. Defendant Sheffler cross-moved for an order allowing and directing the trustee in bankruptcy to be joined as a party in this action. While the motion and cross motion were pending, defendant Sheffler died. Plaintiff then made a supplemental motion to sever the claims against the deceased defendant. The court at Special Term: (1) denied plaintiff's motion for summary judgment; (2) denied plaintiff's supplemental notice for a severance of the claims against Sheffler; (3) abated the claims against Sheffler; and (4) denied Sheffler's cross motion requesting the intervention of the trustee in bankruptcy. Plaintiff's motion for reargument was subsequently denied. With regard to the procedural question raised by the death of defendant Sheffler, the action against him did not abate upon his death. It may be maintained against his personal representative. (EPTL 11-3.1.) Moreover, by its terms, the guarantee was binding upon Sheffler's "heirs, executors, administrators, successors and assigns". The claims against defendant Sheffler should be severed and stayed pending the appointment of his personal representative (Solomon v Kittay, 11 AD2d 725). In view of the representation made by plaintiff's counsel on oral argument that he is presently seeking the appointment of decedent's representative in Surrogate's Court, Nassau County, it is unnecessary for us to direct substitution at this time (CPLR 1015, subd [a]). While this action has been severed against defendant Sheffler, the motion in chief against defendant Danesi will be entertained on the merits. In the subject guarantee, Danesi agreed to be held liable for Supreme's obligations "without deduction by reason of set-off, defense or counterclaim". By reason of the afore-mentioned clause, defendant Danesi waived his right to assert any defenses available to his principal, Supreme. (James Talcott, Inc. v Brewster Sales Corp., NYLJ, Oct. 11, 1973, p 17, col 6, affd 44 AD2d 775.) Therefore, Danesi may not validly assert as a defense that the plaintiff breached its factoring agreement with Supreme. It should be stressed that, in the bankruptcy proceeding, Supreme admitted that it owed approximately $120,000 to the plaintiff. Moreover, it should be emphasized that defendant Danesi did not object to the credit extended to Supreme during the eight-month existence of the factoring agreement. Under these circumstances, Danesi must be held liable on his guarantee of Supreme's obligations to plaintiff. In light of the fact that the plaintiff has recently received some payments in reduction of its claims against defendant Danesi, those claims must now be remanded for a trial limited to the issue of damages. At that trial the court will also set the reasonable value of the attorneys' fees incurred by the plaintiff in bringing this action. Concur—Murphy, P. J., Lupiano, Silverman, Lane and Yesawich, JJ.