■ HENRY SILBERT, Appellant, v JACQUELINE SILBERT et al., Respondents. — In an action commenced by the service of a summons with a motion for summary judgment in lieu of complaint to recover the balance due on a promissory note, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Di Paola, J.), dated January 5, 1981, as denied his motion for summary judgment. Order reversed insofar as appealed from, on the law, with $50 costs and disbursements, and motion granted. The case is remitted to the Supreme Court, Nassau County, to determine plaintiff's reasonable attorney's fees. Following a dispute between the parties which went to arbitration, an award was made which provided for a "buy out" of the plaintiff's stock in defendant Mac Clean Service Co., Inc. (Mac Clean), for the sum of $600,000, with $50,000 payable at the closing. The balance was to be evidenced by a promissory note payable in semiannual installments of $50,000 each for a period of one and a half years and thereafter in annual installments of $80,000 each. The award further provided that the note was to be guaranteed by each of the affiliated corporate defendants as well as by the individual defendants. When plaintiff moved to confirm the award, the instant defendants answered and cross-moved to modify it, claiming that in 1977 plaintiff had wrongfully injured the business reputations of the corporations. Special

Term confirmed the award and there was no appeal. At the closing which took place several weeks later, the guarantors executed a document which included the following provisions: "4. The obligations of the undersigned hereunder shall be absolute and unconditional irrespective of the genuineness, validity or regularity of the Note or any other circumstances which might otherwise constitute a legal or equitable discharge or defense of a surety or guarantor. * * * 9. No set-off, counterclaim or defense of any kind or nature which any of the undersigned has or, may have against [Henry] Silbert may be asserted as a defense to the undersigned's obligations hereunder, but each of the undersigned reserves and shall have the right to assert any such set-off, counterclaim or defense in a separate action against [Henry] Silbert." Following payment of $50,000 at the closing, Mac Clean made timely payment of the first two installments on the note — $50,000 due on December 21, 1978 and $50,000 due on June 21, 1979. The third installment, due on December 21, 1979, was paid late. In the latter part of June, 1980, Mac Clean served a complaint in an action in the Supreme Court, Nassau County, against Henry Silbert, seeking to recover $5,750,000. It was alleged that certain fraudulent statements made by Henry Silbert — the ones originally referred to in defendants' opposition to the motion to confirm — had destroyed the financial stability of Mac Clean, had destroyed its standing in the cleaning industry, and were designed as part of a scheme to prevent Mac Clean from repaying the note due to Henry Silbert so that he could recapture the corporation. Thereafter, on September 26, 1980, the plaintiff commenced the current action for the balance due on the note ($400,000), by service of a summons and motion for summary judgment in lieu of a complaint. Special Term denied the motion, finding that there were issues of fact precluding the granting of summary judgment. In so holding, Special Term was in error. By the terms of the guarantee, the defendants waived their right to assert any setoff, counterclaim or defense of any kind or nature to an action brought on the note and guarantee. The defendants must be bound by the terms of the agreement which they entered into at the culmination of the arbitration proceeding (see, e.g., *Bank of New York v Cariello,* 69 AD2d 805; *Rusch Factors v Sheffler,* 58 AD2d 557) and after the allegedly damaging statements were made. Damiani, J. P., Titone, Lazer and Gibbons, JJ., concur.