■ FIDELITY UNION TRUST COMPANY, Respondent, v ROBERT J. BALL SALES, INC., Defendant, and HOFOR TOBACCO CORPORATION, Appellant. — Order of the Supreme Court, New York County (M. Klein, J.), entered June 8, 1983, which granted plaintiff's motion for summary judgment on its fourth cause of action against defendant Hofor Tobacco Corporation, with leave to defendant Hofor to serve a new pleading stating its second and third affirmative defenses as separate, independent causes of action, affirmed, with costs. The complaint in this matter alleges three causes of action against defendant Robert J. Ball Sales, Inc. (Ball) based upon $250,000 which plaintiff Fidelity advanced to Ball. The fourth cause of action is against Hofor as guarantor of said debt. Judgment has previously been entered against Ball and the remaining cause of action against Hofor severed. Although defendant Hofor originally pleaded five affirmative defenses in its answer, the first, fourth and fifth defenses were not supported by arguments at Special Term and defendant does not urge them on appeal. However, Hofor's second and third affirmative defenses allege that a corporate resolution of Ball filed with Fidelity required that all Ball checks, drafts or orders exceeding $15,000 in amount, and drawn against the line of credit originally extended by plaintiff, requires that said checks, etc., bear two signatures and that one of the signatures was required to be that of designated officers of Hofor. Special Term correctly found that plaintiff made out a prima facie case on the issue of Hofor's liability as guarantor. The motion papers demonstrated that there was a contract in writing for suretyship in compliance with section 5701 (subd a, par 2) of the General Obligations Law. The contract was entered into for consideration. Ball and Hofor had interlocking directorships and Hofor gained financial benefits from the advances which would not have been given had Hofor not guaranteed the debt. The dissent observes that since Special Term "correctly found that there were factual issues as to whether the advances by Fidelity, without the required two signatures, breached the obligation owed to Hofor * * * the motion for summary judgment should have been denied." The conclusion reached by the dissent, i.e., that any technical violations by plaintiff of the corporate resolution by Ball constitute "substantive" defenses to plaintiff's cause of action on Hofor's unconditional guarantee, is not warranted by the record. Hofor's unconditional guarantee of payment of the obligations of Ball to plaintiff provides in pertinent part: "The Undersigned hereby consents and agrees that the Bank may, without prejudice to any claim against the Undersigned hereunder, at any time, or from time to time, in the Bank's discretion, and without notice to the undersigned, (1) extend or change the time of payment, and the manner, place or *terms of payment of any obligation* hereby guaranteed" (emphasis added). Thus, the technical defense raised in the second and third affirmative defenses would not preclude the grant of summary judgment on the guarantee. As this court has observed previously: "In construing similar guarantees, the courts of this State have held that guarantors are bound to satisfy the underlying obligations in spite of modifications to those obligations. For instance, in *National Bank of North Amer. v Sobel* (31 AD2d 750, 751), on facts strikingly similar to those here, the court held that the defendant was liable on his guarantee of a promissory note, even though the obligee bank, without his knowledge or consent, had subsequently entered into a modification and extension of the note, since the agreement involved authorized the bank, without notice to him or the obligor ' "to modify or otherwise change any terms of all or any part of the Liabilities * * * [and] to grant any extension or renewal thereof" '. [Citations omitted.]" (*American Bank & Trust Co. v Koplik,* 87 AD2d 351, 353-354.)

In another action of a guarantee where the guarantor claimed the plaintiff bank had failed to conduct regular inspection of inventory and had impaired the value of collateral, this court again focused on the detailed language of the guarantee in observing: "It is plain that the bank had the right to release the collateral without discharging the guarantor. If so, the negligence or dishonesty of the bank's employees * * * is irrelevant" (*Chemical Bank v PIC Motors Corp.,* 87 AD2d 447, 451, affd 58 NY2d 1023; see, also, *Executive Bank v Tighe,* 54 NY2d 330). Additionally, although there was no dispute as to the resolution of Ball requiring that checks drawn on the Ball account in excess of $15,000 be signed by an officer of Hofor and Mr. Ball, there were purely conclusory assertions by defendant Hofor in opposition to the motion for summary judgment that certain checks in excess of $15,000 were cleared by plaintiff with only Mr. Ball's signature. The facts adduced at Special Term show that an amount aggregating at least $187,570.50 of the $250,000 credit advance to Ball was promptly transferred by Ball to Hofor after Fidelity provided the subject credit line. One of the checks in the sum of $65,133 was drawn by Ball to Hofor's payment on one signature. Hofor negotiated the check and never questioned its propriety nor did Hofor ever question plaintiff about the propriety of any Ball check for any amount. In addition, the individuals described in the dissent, one of whom was supposed to be a signatory of any Ball check over $15,000, were Hofor's treasurer, Karl Schultz, or Hofor's vice-president, Nahum Shar. The depositions and documentary evidence show not only that Hofor owned 25% of the common stock of Ball. The depositions and purchase agreement indicate that Shar was elected a member of the executive committee of Ball and that Shar and Schultz were elected *treasurer and assistant treasurer* of Ball. This corporate affiliation and interlocking management concededly afforded Hofor full access to all Ball check records. Hofor's opposition to plaintiff's motion, an affidavit by Karl Schultz, simply reiterated the pleadings and offered conclusory allegations. The opposition did not refute the prima facie case made by plaintiff on the fourth cause of action on the guarantee. As such, it was insufficient to defeat summary judgment. The papers were insufficient to create any factual issue (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Contrary to the conclusion reached in the dissent, the second and third affirmative defenses are not so inextricably interwoven with plaintiff's cause of action as to preclude entry of judgment in favor of plaintiff. Involved herein is an unconditional guarantee of payment. Special Term correctly noted that "[n]o affirmative defense has been raised as to the legal enforceability of the guarantee." Whatever claim defendant possesses for the alleged wrong committed by plaintiff was properly severed by Special Term. Defendant, at best, asserted a sketchy allegation on a possibly related but independent and unliquidated counterclaim which did not constitute a defense to plaintiff's liquidated and uncontroverted cause of action upon the guarantee (see *Logan v Williamson & Co.,* 64 AD2d 466, app dsmd 46 NY2d 996). As the Court of Appeals has noted, even with a counterclaim pending, the grant of summary judgment on a guarantee was not an abuse of discretion, since the counterclaim was not supported by a showing of merit (*Chemical Bank v PIC Motors Corp., supra,* at p 1026). Concur — Asch, J. P., Silverman, Fein and Lynch, JJ.

Kassal, J., dissents in a memorandum as follows: On this record, I find factual issues exist and, therefore, conclude that Special Term erred in granting summary judgment on plaintiff's fourth cause of action against appellant, Hofor Tobacco Corporation. Accordingly, I would reverse the order, vacate the judgment entered thereon and deny the motion. The fourth cause of action seeks to recover as against Hofor, as guarantor, under agreement dated September 20, 1978, for advances made to Robert J. Ball Sales, Inc. In its

answer, Hofor has interposed as its second and third affirmative defenses, that the advances were not made in accordance with a corporate resolution of Ball Sales, dated September 19, 1978, filed with Fidelity which required that any checks, drafts or orders in excess of $15,000, drawn against the line of credit, contain two signatures, one of which was that of Hofor's treasurer, Karl Schultz, or of its vice-president, Nahum Shar. The resolution was patently designed to permit Hofor to have some control over the use of the line of credit by Ball Sales with plaintiff bank so that Hofor could monitor withdrawals. The guarantee, dated one day before the bank resolution is alleged to be "conditional upon the delivery * * * of the corporate banking resolution". Special Term correctly found that there were factual issues as to whether the advances by Fidelity, without the required two signatures, breached the obligation owed to Hofor as guarantor. Nevertheless, the court granted summary judgment as against Hofor, holding that a prima facie case had been made out and directed that the second and third affirmative defenses be converted to independent claims for relief, with Hofor to interpose a new pleading asserting those defenses as separate causes of action. This was error. The affirmative defenses are substantive, were properly interposed as defenses in the action and, under the circumstances, should have been resolved and not converted into causes of action for affirmative relief. This compelled Hofor, in lieu of defenses to plaintiff's action, to proceed by way of a separate action to offset or recoup any advances made contrary to the terms of the bank resolution. What Special Term overlooked, however, was that once it appeared that there were factual issues, the motion for summary judgment should have been denied. This is consistent with the central function of the court upon such a motion to determine whether there are genuine triable issues of fact. As has been frequently observed, the function of the court is issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Esteve v Abad,* 271 App Div 725, 727). The remedy is inappropriate where there is any doubt as to the existence of a triable issue (*Moskowitz v Garlock,* 23 AD2d 943, 944), since the granting of the motion is the procedural equivalent of a trial. As applied here, there is a further factual issue as to the extent of Hofor's knowledge of the facts by reason of the interlocking directorate between the corporations. Furthermore, the issue of whether the circumstances sufficed to invoke an estoppel because Hofor owned 25% of Ball Sales must await the trier of the facts. I find Special Term improperly converted these related claims into independent claims although they were intentionally pleaded as affirmative defenses. The claims are so inseparable from plaintiff's cause of action and the issues so inextricably interwoven as to preclude entry of judgment in favor of plaintiff (see *Created Gemstones v Union Carbide Corp.,* 47 NY2d 250, 254; *Stigwood Organisation v Devon Co.,* 44 NY2d 922; *Dalminter, Inc. v Dalmine, S.p.A.,* 29 AD2d 852, affd 23 NY2d 653).