**GREYFIN CORPORATION, Plaintiff,**

v.

**Miles A. GALIN, Defendant.**

**No. 86 Civ. 5057 (EW).**

United States District Court,
S.D. New York.

Sept. 3, 1986.

Otterbourg, Steindler, Houston & Rosen, P.C., New York City, for plaintiff; Kurt J. Wolff, David M. Schreier, of counsel.

Jeffrey H. Zegen, New York City, for defendant.

## OPINION

EDWARD WEINFELD, District Judge.

Plaintiff, a Liberian Corporation, with its principal place of business in the Canton of Zug, Switzerland, is engaged in the business of making commercial loans and advances to business enterprises. In July 1983, plaintiff made a loan and agreed to extend credit to Templar Navigation S.A. ("Templar") of which Miles A. Galin ("Galin"), the defendant, was a shareholder and financially interested. Jurisdiction is based on 28 U.S.C. Section 1332(a).

Galin, in consideration of the monies and credit advanced to Templar, executed an irrevocable and unconditional guaranty of payment ("Guaranty") of the obligations and indebtedness of Templar to Greyfin. Greyfin then made a loan to Templar in the sum of $2,000,000. Templar defaulted on repaying the loan and, as of June 16, 1986, the balance due Greyfin was a total of $1,409,021.59, principal and interest, together with accruing interest. Due demand was made upon Galin to meet his obligations under the Guaranty, but to date he has failed to do so.

Approximately a month prior to the commencement of this action, the plaintiff, by reason of Galin's default and because it believed he might have assets in the United Kingdom which could be applied toward the satisfaction of any judgment obtained against him, instituted legal proceedings in the United Kingdom against Galin and Templar to recover the amounts owing under their obligations. While this action was pending, plaintiff obtained a judgment in its favor in the United Kingdom action. Plaintiff alleges that Galin and Templar do not have sufficient assets in the United Kingdom to satisfy the judgment. Plaintiff asserts a second claim for expenses and reasonable counsel fees, incurred by reason of non-payment by Templar and Galin of their obligations, as agreed to by Galin under the Guaranty.

Plaintiff moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, upon this simple and straightforward claim, and it seeks sanctions under Rule 11. The defendant opposes this motion based upon the defense that when the plaintiff instituted its action in the United Kingdom it wrongfully arrested the vessel the "King George" at Pireaus, Greece pursuant to its security interest in that vessel. The defendant cross-moves either to include Templar as a third-party defendant or leave to amend its answer to assert damages for Greyfin's treatment of the collateral.

The King George was purchased with the proceeds of the loan from Greyfin to Templar, and it was pledged as collateral security for that loan and a naval mortgage on the vessel was executed in favor of plaintiff. The defendant asserts that, following the vessel's seizure, Templar and the vessel's master sent telexes requesting that Greyfin permit the vessel to continue on its voyage to the Far East, and the

vessel then be sold when it reached its destination some ninety days thereafter, with the proceeds of the sale going to the plaintiff. The defendant alleges that had the plaintiff acceded to Templar's request, it would have realized approximately $300,000 more than will be realized on a forced sale at Pireaus, Greece. The defendant contends that the plaintiff's refusal to do so was a breach of its duty to mitigate damages and to act in a commercially reasonable manner with respect to the collateral and the loan guaranteed by the defendant. The defendant requests that any amount of damages assessed against him be reduced by a sum not less than $300,000.

The alleged defense is without substance. Under the terms of the agreement between the parties, as well as the Naval Mortgage, Greyfin had the absolute right to arrest the vessel. The arrest occurred eleven months after Templar defaulted on the loan, and three months after Greyfin declared the loan in default and demanded payment from Templar and Galin. At this time $1,400,000 was due. Plaintiff was not required to give up its right to arrest the vessel and hazard that, if permitted to continue on its voyage, perhaps an additional $300,000 would be realized.[1] Plaintiff, to whom the amount of $1,400,000 was long past due, had a right under the explicit terms of the mortgage agreement to foreclose on its mortgage and to seize the vessel wherever the vessel could be found. In addition, Section 9–503 of the New York Uniform Commercial Code provides that a secured party, unless otherwise agreed, has the right to take possession of the secured property after default. To sustain the defendant's defense so as to defeat summary judgment would deprive plaintiff of rights expressly granted to it under both the loan agreement and the naval mortgage, as well as under New York law. The

"commercially reasonable" standard, which the defendant asserts, applies to the disposition of the collateral, not to its seizure.[2] While the Uniform Commercial Code imposes an obligation of good faith in the performance or enforcement of every contract or duty under it,[3] the defendant's answer fails to allege any bad faith on the part of the plaintiff in seizing the vessel; not a single fact is presented to give rise to an inference of "bad faith." Greyfin acted in accordance with the express terms of the loan and mortgage agreements. The collateral was something which could be made inaccessible to seizure if moved or secreted, and it could also be damaged or lost at sea. Greyfin had already given Templar eleven months to make use of the collateral and it was well within its rights to move to protect and secure the vessel.

Even if the alleged defense had validity in favor of Templar, the defendant, as the guarantor, cannot avail himself of it because the Guaranty, signed by Galin, states that it is independent of any other guaranty of, or security for, the loan, and that it is absolute and unconditional. The Guaranty also states that all payments shall be made without any deduction, withholding, or set-off. In agreeing to be liable without deduction by reason of set-off, defense, or counterclaim, Galin has waived his right to any such claim available to his principal.[4] The collateral in question was secured in relation to the debt owed by the principal obligor, Templar, and independent of Galin's obligation as the guarantor of Templar. To refuse summary judgment under the facts presented here would render Rule 56 sterile.

### United Kingdom Judgment

■ The defendant contends that the judgment entered against Galin in favor of the plaintiff in its action in the United Kingdom requires dismissal of this action.

---

1. Moreover, defendant advances no evidentiary matter to support its plea that the market would have been more favorable at the Far Eastern port ninety days after it arrived than at Pireaus.

2. See N.Y.U.C.C. § 9–503.

3. See N.Y.U.C.C. § 1–203.

4. See *Silbert v. Silbert*, 85 A.D.2d 661, 445 N.Y. S.2d 215 (2d Dep't 1981); *Rusch Factors, Division of BVA Credit Corp. v. Shoffler*, 58 A.D.2d 557, 396 N.Y.S.2d 374, 376 (1st Dep't 1977).

Pursuant to New York law, which is applicable under the contract between the parties, if a foreign judgment meets certain requirements set forth under the New York Civil Practice Law and Rules, Section 5304, then that judgment is conclusive between the parties and can be enforced by an action on the judgment.[5] Accordingly, the defendant contends that plaintiff's sole remedy is an action to enforce the United Kingdom judgment under Section 5303, and that this action should be dismissed. However, the instant action was commenced prior to the entry of judgment in the United Kingdom action. Moreover, during the argument of this motion, when defendant's counsel was questioned as to whether the defendant conceded the validity of the United Kingdom action, he declined to give a definitive answer. In the absence of acknowledgement of the validity of the United Kingdom action there is no basis for dismissal of this action.

## Cross-Motion

Defendant also moves to add Templar as a third-party defendant to this suit. The summary judgment in this action ends the suit between the plaintiff and the defendant, and, moreover, the signed guaranty provides that "until all indebtedness of the Borrower to the Lender shall have been paid in full, the guarantor shall have no right of subrogation...." The defendant is not a guarantor of collection, but rather a guarantor of payment. The plaintiff has the right to proceed against the guarantor without having to become embroiled in litigation with the principal. To allow the defendant to add Templar as a party would unjustifiably delay judgment on this action and prejudice the plaintiff. This is particularly true here where the defendant has agreed under the Guaranty that he waives any benefit of, and any right to participate in, any security now or hereafter held by the Lender, and that "any security for the Loan may be exchanged, released, sold, surrendered or otherwise dealt with by the Lender ... all without impairing or affecting in any way the liability of the Guarantor hereunder." The defendant's motion to add Templar as a party is denied.

Defendant's motion to amend his answer under Rule 15(a) is also denied. Where a claim or defense is frivolous or patently insufficient, a motion for leave to amend should be denied.[6] Defendant's amended answer fails to state any defenses or claims not already considered in this motion for summary judgment, including the basis for his counterclaim for damages in relation to the plaintiff's treatment of the collateral.

## Conclusion

Plaintiff's motion for summary judgment is granted. Plaintiff is entitled to entry of payment in its favor in the sum of $1,409,-021.59, with accrued interest to date as provided by law, and, in addition, reasonable expenses and counsel's fees incurred in enforcing defendant's obligation, as well as the reasonable costs incurred by plaintiff in enforcing the loan agreement and protecting the collateral, as provided for by the terms of the parties' agreement. If the parties cannot agree upon these sums, the matter is set for hearing September 11, 1986 at 10:00 A.M. in courtroom 1506.

So ordered.

---

**5.** *See* N.Y.Civ.Prac.L. & R. Section 5303.

**6.** *Cf. Key Pharmaceuticals, Inc. v. Hans Loey,* 54 F.R.D. 447, 449 n. 5 (S.D.N.Y.1972).