■ MARINE MIDLAND BANK, N.A., Appellant, v WALTER PERLSTEIN, INC., et al., Respondents, et al., Defendant.—Yesawich Jr., J. Appeal from an order of the Supreme Court (Fischer, J.), entered October 17, 1990 in Broome County, which denied plaintiff's motion for summary judgment.

In 1980, plaintiff extended an unsecured open line of credit in the sum of $750,000 to defendant Walter Perlstein, Inc. (hereinafter WPI), a general construction contractor. This line of credit was increased in November 1981 to $1,000,000; at the time, defendants H. Davis Burritt, Leon Perlstein, Alan August and Murray P. Walter[1] each signed unconditional personal guaranties of payment.

Earlier, in July 1981, WPI had borrowed $150,000 under the original line of credit with repayment expected within two weeks. In June 1982, as WPI's obligation to repay this $150,000 advance was not paid as agreed, it was then memorialized by a variable interest time or demand note (hereinafter the 1982 note).

Also in 1981, plaintiff had issued a letter of credit on WPI's behalf to the Housing Authority of the Borough of Bueno in

1. At the time suit was commenced, Walter was deceased and the suit named his executrix as a defendant. Apparently, a default judgment has been entered against the executrix.

New Jersey in the amount of $51,370.50. The Housing Authority drew $10,562.61 on this letter of credit in April 1983. In June 1983, WPI executed another variable interest time or demand note (hereinafter the 1983 note), this one honoring the Housing Authority's draw.

Additionally, in April 1981, plaintiff had issued a $500,000 letter of credit to the Bank of New York on WPI's behalf; in March 1982, the credit amount was reduced to $250,000. Although this letter of credit was to terminate on March 31, 1983 "after which no extension will be made", plaintiff honored the Bank of New York's demand for payment on November 12, 1987. Two days later, Burritt, as WPI's president, signed the third and final variable interest time or demand note (hereinafter the 1987 note) to reimburse plaintiff for the Bank of New York's $250,000 draw.

WPI paid monthly interest on the advances through September 1, 1988, but no portion of the principal was ever repaid. When plaintiff's January 12, 1989 demand for payment in full on each note was ignored, plaintiff commenced this action against WPI and the individual defendants as guarantors of WPI's indebtedness. Plaintiff subsequently moved for summary judgment, which was denied. In support of its motion, plaintiff appended the letters of credit, notes, guaranties, canceled checks, demand letter and its file notes. Supreme Court determined that questions of fact existed precluding this relief. Plaintiff has appealed;[2] we reverse.

Burritt wrongly suggests that plaintiff's claims to recover the debts evidenced by the 1982 and 1983 notes are barred by the applicable six-year Statute of Limitations (see, CPLR 213 [2]). Plaintiff's action on Burritt's guaranty would be untimely only if it had not been instituted within six years of WPI's default (General Phoenix Corp. v Cabot, 300 NY 87, 92; Gazza v United California Bank Intl., 88 AD2d 968, 969; compare, Bank of N. Y. v Bersani, 90 AD2d 302, 307 [cause of action against guarantor-indorser accrues on date of note giving rise to obligation]). WPI defaulted in 1988 and plaintiff commenced this action immediately thereafter; hence, timeliness is not a bar to these causes of action. As Burritt offered no other

---

2. In its brief and on oral argument, plaintiff requested recovery only against Burritt and only in his capacity as guarantor. Although the remaining individual defendants (Perlstein and August) filed a joint appellate brief addressing their liability for the 1987 note, the action against these defendants was apparently dismissed for lack of personal jurisdiction subject to re-service. Accordingly, only Burritt's liability will be addressed.

defense, summary judgment on the debts reflected by these notes in plaintiff's favor is appropriate.

Burritt advances a number of arguments which he maintains relieve him of responsibility for the debt evidenced by the 1987 note. First, he urges that plaintiff is estopped from asserting any claim on this note because it failed to take an assignment of collateral from the Bank of New York, despite having had an opportunity to do so. Even assuming plaintiff had the right to any such assignment, a fact not supported by the record, this contention is nevertheless unavailing, for Burritt expressly acknowledged in his 1981 guaranty that his repayment obligation would not be affected by "any failure to perfect or continue the perfection of any security interest in or other lien on any collateral securing payment of any indebtedness or Guarantor's obligation hereunder * * * [or] any failure to protect, preserve or insure any such collateral * * * all of which Guarantor hereby waives". Thus, Burritt relinquished this possible defense (see, Chemical Bank v PIC Motors Corp., 87 AD2d 447, 450-451, affd 58 NY2d 1023).

Second, Burritt contends that plaintiff is precluded from seeking recovery on the 1987 note because it honored a demand for payment on an expired letter of credit (the Mar. 1982 letter of credit). He declares that he would never have signed the 1987 note on WPI's behalf had he known that the money was advanced pursuant to an allegedly invalid letter of credit.

While plaintiff disputes that the March 1982 letter of credit was no longer valid, it responds that notwithstanding whether the note is enforceable against WPI,[3] Burritt remains liable to plaintiff by the terms of his guaranty. In support of this argument, plaintiff points to the language of the guaranty by which Burritt expressly and unconditionally obligated himself to pay any indebtedness upon the debtor's default "without deduction by reason of any setoff, defense or counterclaim of [WPI]". Furthermore, the guaranty clearly and unambiguously provided that Burritt's obligation to make full and prompt payment would not be affected by "the invalidity or enforceability of any of [WPI's] indebtedness; all of which Guarantor hereby waives". Thus, even if the advance was unauthorized or Burritt's signature as president on the 1987 note fraudulently induced, Burritt as guarantor may not

---

**3.** Because a letter of credit must be performed in accordance with its terms (Matter of Supreme Mdse. Co. v Chemical Bank, 70 NY2d 344, 352), WPI may be relieved of its obligation to repay.

escape liability *(see,* 63 NY Jur 2d, Guaranty and Suretyship, § 368, at 485-486; *see, e.g., Fidelity Union Trust Co. v Ball Sales,* 99 AD2d 436; *Manufacturer's Hanover Trust Co. v Green,* 95 AD2d 737, *appeal dismissed* 61 NY2d 760; *Silbert v Silbert,* 85 AD2d 661, 662; *Rusch Factors v Scheffler,* 58 AD2d 557, 558; *Bank of N. Am. v Shapiro,* 31 AD2d 465, 466). And, as Burritt does not claim any irregularity in the *guaranty,* does not challenge that the loan was indeed made on WPI's behalf and does not deny that WPI defaulted, he failed to raise any triable issues with respect to his liability *(see, Manufacturer's Hanover Trust Co. v Green, supra).*

Finally, Burritt's claim that the parties orally modified the guaranty is without merit *(see,* General Obligations Law § 15-301).

Mahoney, P. J., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion against defendant H. Davis Burritt; motion granted to that extent and plaintiff awarded summary judgment against said defendant; and, as so modified, affirmed.