JOHN F. COLLINS, as Receiver in Supplementary Proceedings of the Property of ALBERT E. BURR, Appellant, *v.* ALBERT E. BURR and Others, Respondents.

First Department, May 2, 1924.

Fraudulent conveyances — action by receiver in supplementary proceedings to set aside transfer by judgment debtor to his wife — original judgment was secured in Pennsylvania on which judgment was secured by default in this State — fraud in procuring Pennsylvania judgment not good as defense — defenses which amplify denials that raised issues as to indebtedness at time of transfer, transfer of all property, and intent to defraud, stricken out as frivolous — defenses amounting to denials previously made stricken out under Rules of Civil Practice, rule 90 — defense of fraud in procuring New York judgment stricken out — defense of laches, Statute of Limitations not having run, is not available.

In an action by a receiver in supplementary proceedings to set aside an alleged fraudulent transfer by a judgment debtor to his wife, a defense that the original judgment which was secured in Pennsylvania and on which a judgment was secured by default in this State, was obtained by fraud, should be stricken out as frivolous, since the defense of fraud cannot be raised in a collateral proceeding.

The denials in the answers of the defendants having raised the issues of the indebtedness of the judgment debtor to the judgment creditor at the time of the transfer, the transfer by the judgment debtor to his wife of all of his property and the intent to defraud any creditors by that transfer, the separate defenses interposed which merely amplify the denials must be stricken out as frivolous.

Defenses which amount practically to denials of the allegations of the complaint previously made must be stricken out under rule 90 of the Rules of Civil Practice which provides that denials of fact alleged in a complaint must not be repeated nor incorporated in a separate defense.

The defense that the New York judgment which was recovered by default in a suit on the Pennsylvania judgment was recovered through conspiracy and fraud must be stricken out, since it is a collateral attack upon the New York judgment and there is no fact alleged showing fraud in the procuring of the judgment and no lack of jurisdiction is pleaded.

The defense of laches based on the fact that the transfer in question occurred in December, 1920, and that this action was not commenced for several years thereafter, is not available, since it does not appear that the time fixed by the Statute of Limitations for the commencement of this action has run and the defendants have failed to show the existence of any extraordinary circumstances which require the application of the doctrine of laches.

APPEAL by the plaintiff, John F. Collins, as receiver, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 5th day of February, 1924, as denies plaintiff's motion to strike out certain denials and affirmative defenses in the answers of defendants.

*Zabriskie, Sage, Gray & Todd* [*M. M. Messinger, Jr.*, of counsel], for the appellant.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* of counsel], for the respondents

McAvoy, J.:

The motion made in this action was to strike out certain denials and affirmative defenses in the answer of defendants.

The action seeks to set aside an alleged fraudulent transfer from Albert E. Burr, a judgment debtor, to his wife, Ethel J. Burr, it being claimed that the transfer was made to defraud creditors. The plaintiff is a judgment creditor in a suit brought in Pennsylvania against Albert E. Burr in the amount of over $37,000. This judgment was sued upon in New York and judgment was recovered here by default on the Pennsylvania judgment.

The complaint in this creditors' action states that the Pennsylvania action was duly commenced by due service of process and that the default judgment in New York county was duly recovered and that execution thereon in due form was duly issued.

The defendants' answer set up as a first defense to the second cause of action the fact that the transfer complained of was made at a time when defendant Albert E. Burr had no creditors; that Mr. Burr reserved to himself property of upwards of $100,000, which sum was amply sufficient to cover any reasonably anticipated future claim, and then sets out that at the time of the transfer Burr was not indebted to the judgment creditors, but that they were indebted to him.

Mrs. Burr in her answer alleges a second affirmative defense to the second cause of action that the judgment recovered by default in Pennsylvania had its inception in fraud; that service upon Mr. Burr was obtained by fraud by inveigling him into the jurisdiction, and that the judgment represents a fraudulently contrived indebtedness.

As a third affirmative defense to the said cause of action, Mrs. Burr's answer sets up laches on the part of the plaintiff in bringing this action after the facts were known to him and to the judgment creditors, and sets up prejudice to the defendant by the delay.

The answer of each defendant denies the due commencement of the Pennsylvania action, the due service of process in Pennsylvania, and the due recovery of the judgment therein.

Plaintiff's motion seeks by its demand to strike out parts of these denials so as to compel the defendants to admit the regularity of the Pennsylvania default judgment and all steps taken thereunder, and thus prevent Mrs. Burr's attack on it upon the ground of fraud.

Defendants claim that the regularity of these proceedings in

Pennsylvania may be properly denied by them and that Mrs. Burr's affirmative defense, which sets forth the fraud in detail, not only in the commencement of the action, but in the several subsequent steps, constitutes an explanation of the denials of regularity in obtaining the judgment contained in the answer.

There can be no doubt but that the defendants are entitled to litigate the question as to whether or not the service of process and the various steps taken to obtain it were tainted with fraud. But litigation of the fraud in procuring service of process or in obtaining the judgment cannot be conducted except in the action in which the judgment was recovered, either the action in Pennsylvania based upon the original claim or the action in New York based upon the Pennsylvania judgment. If the fraud alleged arose in the very inception of the cause of action or in the character of the debt sued upon, this does not furnish any ground for mpeaching the judgment in a collateral proceeding. No judgment may be collaterally attacked for any matters which might have been set up in defense to the action wherein the judgment was obtained. The fraud in obtaining the Pennsylvania judgment might have been set up as a defense to the action. It is, therefore, impossible to set it up in this creditors' action. One to whom property is transferred in violation of the rights of creditors, or even in violation of law, cannot attack a receiver's status, nor that of the judgment by which he was appointed, by showing that the court wherein the judgment creditor had obtained judgment at law as a preliminary to the action for a receivership did not have jurisdiction to render the judgment. (*Jones* v. *Blun,* 145 N. Y. 333.) It being impossible then under our law to raise this issue of fraud in the inception of the claim on which suit was brought, or fraud in the service of process, or in the subsequent proceedings, the " first," " second " and " third " paragraphs of the answers are frivolous and should be stricken out.

As to paragraphs " sixth " and " seventh " of the answers, they are mere repetitions or amplications of the general denial which the answers previously set up.

The defendants have put in issue by denials:

The indebtedness of the judgment debtor to the judgment creditors at the time of the transfers.

The transfer by the judgment debtor to his wife of all his property; and the intent to defraud any creditors.

In paragraphs " sixth " and " seventh " of the answers the defendants allege specifically:

That the judgment debtor was not indebted to the judgment creditors at the time of the transfers, but that they were indebted to him.

That the transfers did not comprise all the judgment debtor's property, but that he retained $100,000 worth.

That the transfers were made in good faith and not for the purpose of defrauding creditors.

The plaintiff will be obliged to disprove all these matters before he can recover under his creditors' bill, which is the nature of his complaint. Defendants may show all of these matters which they allege specifically under their general denial of the facts which the plaintiff alleges by introducing any evidence which tends to show the transaction between the parties to be different from that which the plaintiff claims it to be. Therefore, paragraphs " sixth " and " seventh " of both answers should be stricken out as mere amplifications of the general denials already made, that is, after denying that Burr had transferred all his property, defendants specifically allege that he retained a certain amount of property.

These same defenses contained in paragraphs " sixth " and " seventh " of the answer of Ethel J. Burr are repeated by reference in the " second " and " third " affirmative defenses. As they are practically denials of the allegations of the complaint they should be stricken out under rule 90 of the Rules of Civil Practice, which provides that denials of fact alleged in a complaint must not be repeated nor incorporated in a separate defense.

The second defense in the answer of the defendant Ethel J. Burr should likewise be stricken out as insufficient in law. This defense is a collateral attack on the judgment of the Supreme Court here, rendered in June, 1922, under which plaintiff, as receiver, sues. The allegation is that the judgment was recovered without trial or hearing and through conspiracy and fraud by and between the persons recovering it. The fact that the judgment was recovered by default does not affect its validity and evidences no fraud. There is no fact showing fraud in the acquisition of the judgment, and no lack of jurisdiction is pleaded. There is not an allegation of fact showing any conspiracy or any fraud in the proceedings or steps leading to the judgment.

The real claim of dendants is that there was fraud in the basic cause of action or in the manner of procurement of the judgment in Pennsylvania in March, 1922. But, as we have pointed out heretofore, if fraud there be, it cannot be the basis of a collateral attack on this judgment.

The third affirmative defense in the answer of Ethel J. Burr sets up laches as a ground for the defeat of the action. The fact upon which this alleged defense is based is, that the transfers made in December, 1920, have long been known to the judgment creditors herein, and because of failure to begin the action before

the time of its commencement, prejudice has arisen against the defendant. There is nothing in the papers showing that the time fixed by the Statute of Limitations for the commencement of this action has run, and when a suit is brought within the time fixed by the appropriate statute, the defendants must show either from the complaint or by the answer that extraordinary circumstances exist which require the application of the doctrine of laches where there is no bar by limitations.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

This results in striking out the denials contained in paragraphs " first," " second " and " third " of the answers, the " sixth " and " seventh " paragraphs of the answers and their incorporation by reference in the " first " and " second " affirmative defenses in the answer of Ethel J. Burr and the " first," " second " and " third " paragraphs in that defendant's answer to the second cause of action.

Clarke, P. J., Dowling, Merrell and Finch, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice. ———————