■ STEVEN HARVEY, Respondent-Appellant, v BARBARA CRAMER, as Executrix of EUGENE A. BROWNE, Deceased, Appellant-Respondent. [653 NYS2d 3] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered October 31, 1995, as resettled by an order, same court and Justice, entered March 25, 1996, which, insofar as appealed from, granted defendant's

motion for summary judgment to the extent of dismissing the cause of action for medical malpractice, and otherwise denied the motion, unanimously modified, on the law, to deny the motion insofar as directed to the cause of action for medical malpractice and to reinstate that cause of action, and otherwise affirmed, without costs.

It was error to dismiss the medical malpractice cause of action on the ground that plaintiff's claim that defendant's decedent, his doctor, mistakenly informed him that he was HIV positive because of a mixup in patient files sounds in ordinary negligence. Unlike *Payette v Rockefeller Univ.* (220 AD2d 69), plaintiff here was clearly the decedent's patient, expecting diagnosis and treatment of any medical conditions, functions to which the maintenance of medical records " ' "bears a substantial relationship" ' " (*supra,* at 71). Nor is plaintiff's claim necessarily one for ordinary negligence simply because expert testimony may not be required to establish liability (*see, supra,* at 73-74). Otherwise, we affirm. The distress resulting from a negligent misdiagnosis of HIV is actionable (*Schulman v Prudential Ins. Co.,* 226 AD2d 164), and the evidence tending to show that the decedent advised not only plaintiff of his HIV status but also plaintiff's long-term partner, and that the decedent provided free medical care to the partner in exchange for sexual favors, is sufficient to raise an issue of fact as to whether the misdiagnosis was intentional, as alleged. If intentional, it would satisfy the outrageousness requirement of a cause of action for intentional infliction of emotional distress (*see, Howell v New York Post Co.,* 81 NY2d 115, 121-122). The issues of fact found by the IAS Court preclude summary determination of the timeliness of the causes of action for intentional infliction of emotional distress and defamation. We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.