■ JANE DOE, Respondent, v LAI-YET LAM, Defendant, and NEW YORK CITY HEALTH & HOSPITALS CORPORATION, Appellant. [701 NYS2d 347] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered on or about October 21, 1998, which, insofar as appealed from, denied defendant hospital's cross motion to dismiss the complaint for failure to state a cause of action, and order, same court and Justice, entered May 28, 1999, which, insofar as appealable, denied the hospital's motion to renew, unanimously affirmed, without costs.

The complaint alleges that plaintiff's mother, while pregnant with plaintiff, had blood drawn at defendant hospital for routine prenatal testing. The hospital's lab performed a required hepatitis B test, which was positive. Although the hospital notified the mother's doctor, the doctor did not notify the mother. Consequently, at the time of delivery, necessary treatment was not administered that could have prevented plaintiff from contracting hepatitis B. Plaintiff claims that her hepatitis was caused by the hospital's failure to comply with State and City health codes requiring laboratories to report all communicable diseases, including hepatitis B, to the appropriate State or local health official within 24 hours (10 NYCRR 69-3.4; New York City Health Code [24 RCNY] §§ 11.03, 11.05, 13.03), for which she has a cause of action for medical malpractice.

The hospital's alleged failure to report the positive test results in conformity with the health codes involved a breach of duty to plaintiff as well as to her mother (*see*, *Woods v Lancet*, 303 NY 349; *Tenuto v Lederle Labs.*, 90 NY2d 606, 612), and would constitute malpractice since it bore a substantial relationship to the medical treatment that was rendered to plaintiff (*see*, *Bleiler v Bodnar*, 65 NY2d 65, 71-72; *Harvey v Cramer*, 235 AD2d 315). There being a direct professional relationship between plaintiff and the hospital, and a corresponding direct common-law duty of care, there is no need to find, as the IAS Court did, that plaintiff has a private right of action against the hospital for violation of the health codes (*cf.*, *e.g.*, *Mikel v*

*Flatbush Gen. Hosp.*, 49 AD2d 581). Concur—Rosenberger, J. P., Williams, Saxe and Buckley, JJ.