■ LEO SELTZER, Respondent-Appellant, v ANNE N. BAYER, Appellant-Respondent. [709 NYS2d 21] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered July 12, 1999, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint and denied her motion for a protective order, unanimously modified, on the law and the facts, to dismiss plaintiff's causes of action for intentional infliction of emotional distress and violations of the Executive Law and to direct that depositions proceed under the supervision of a Special Referee to be paid for equally by the parties, and otherwise affirmed, without costs.

This action arises out of a dispute between two adjoining property owners on East 69th Street in Manhattan. Plaintiff complains that defendant trespassed on his property by erecting a fence and attaching it to plaintiff's fence. Defendant contends that her fence is entirely on her property (and that half of plaintiff's fence is on her property as well).

The parties submitted survey maps purporting to indicate the location of each fence in relation to the property line. The maps are in agreement that the northernmost portion of plaintiff's fence stands on his property, but the fence crosses the property line somewhere near the center, and its southernmost portion stands on defendant's property, as defendant contends. However, defendant's fence is attached to a set of fence posts, and the maps are not in agreement as to where those posts are located in relation to the property line. Defendant's surveyor stated in an affidavit that all the posts are either on defendant's property or are bisected by the property line. Plaintiff's surveyor noted on the map that the posts

are on plaintiff's property. Thus, the question of exactly where defendant's fence is situated has not been resolved, and defendant has failed to establish as a matter of law that she is not trespassing on plaintiff's property (*Zuckerman v City of New York*, 49 NY2d 557).

Defendant has also failed to establish as a matter of law that she did not cause damage to plaintiff's side of the brick firewall common to their two properties. Plaintiff contends that defendant's construction of two fireplaces caused his walls to crack. Defendant argues that she is entitled to summary judgment because plaintiff has not shown he sustained any damages. However, as the proponent of the summary judgment motion, defendant bears the burden of tendering sufficient evidence to eliminate any material issues of fact from the case, irrespective of the sufficiency of the opposing papers (*Wineqrad v New York Univ. Med. Ctr.*, 64 NY2d 851). Plaintiff may yet establish his damages and should not be deprived of the opportunity to do so.

Defendant argues that, in any event, she is entitled to summary judgment because the restoration of her fireplaces was done by independent contractors, who were not under her control and for whose negligent acts she is not liable. However, her evidence is insufficient to establish that she is not subject to any of the exceptions to this rule, i.e., that she was not negligent in hiring the contractors, that the construction of fireplaces in a common firewall did not constitute "inherently" dangerous work, and that she did not have a nondelegable duty to her neighbor to see that the work was done properly (*Kleeman v Rheingold*, 81 NY2d 270). These are questions of fact that remain to be determined.

Plaintiff's cause of action for intentional infliction of emotional distress should have been dismissed. His allegations, even if true, do not describe conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " (*Fischer v Maloney*, 43 NY2d 553, 557, quoting Restatement [Second] of Torts § 46, comment *d*). This threshold of outrageousness is so difficult to reach that, of the intentional infliction of emotional distress claims considered by the Court of Appeals, "every one has failed because the alleged conduct was not sufficiently outrageous" (*Howell v New York Post Co.*, 81 NY2d 115, 122 [citations omitted]). Those few claims of intentional infliction of emotional distress that have been upheld by this Court were supported by allegations detailing a longstanding campaign of

deliberate, systematic and malicious harassment of the plaintiff (*see, e.g., Shannon v MTA Metro-North R. R.*, 269 AD2d 218, 219 ["a pattern of harassment, intimidation, humiliation and abuse, causing him unjustified demotions, suspensions, lost pay and psychological and emotional harm over a period of years"]; *Warner v Druckier*, 266 AD2d 2, 3 ["through various specified acts, deliberately, systematically and maliciously harassed him over a period of years so as to injure him in his capacity as a tenant"]; *Harvey v Cramer*, 235 AD2d 315 [misdiagnosis of HIV status is sufficiently outrageous if intentional, as to which an issue of fact was raised by evidence that doctor also told plaintiff's long-term partner the diagnosis and provided free medical care to the partner in exchange for sexual favors]).

Plaintiff claims that defendant dumped a pile of cement on the sidewalk in front of his house, tossed lighted cigarettes into his backyard, threw eggs on his front steps, and threatened once to paint a swastika on his house. Although he alleges that defendant performed numerous additional acts of vandalism and made various additional threats, he fails to describe any of them specifically. Thus we have three alleged incidents of littering and a particularly nasty remark. Noxious and deplorable though this conduct may be, these incidents do not rise to the level of outrageousness or the kind of "deliberate and malicious campaign of harassment or intimidation" that can survive a motion for summary judgment under controlling Court of Appeals precedent (*Nader v General Motors Corp.*, 25 NY2d 560, 569; *Howell v New York Post Co.*, 81 NY2d 115, *supra*).

In his complaint, plaintiff alleged neither a specific violation of the Human Rights Law (Executive Law § 290 *et seq.*) nor acts on defendant's part that would give rise to such a claim. In her motion for summary judgment, defendant did not move to dismiss any such cause of action. However, in its decision and order, Supreme Court denied defendant's motion to dismiss "plaintiff's discrimination claim." Inasmuch as there was no such claim, it should not have been sustained.

After he commenced the instant action, plaintiff filed a complaint with the New York City Commission on Human Rights. Citing section 8-603 (a) and (b) of the Administrative Code of the City of New York, he alleged that defendant was interfering with his exercise or enjoyment of rights, based on his creed and age. The Commission dismissed plaintiff's complaint administratively because of the pendency of the instant action, but noted that otherwise it would have dismissed on a finding of no probable cause to believe the alleged "discriminatory harassment" took place.

Supreme Court ruled that the Commission's observations had no res judicata effect on plaintiff's "discrimination claim" in the instant action and sustained this purported claim under Executive Law § 290 *et seq.*, the Human Rights Law. However, the purpose of the Human Rights Law is to eliminate discrimination in the provision of basic opportunities (*Koerner v State of N. Y., Pilgrim Psychiatric Ctr.*, 62 NY2d 442, 448). Thus, Executive Law § 296 specifically prohibits discriminatory practices affecting, *inter alia*, employment and housing. It is not concerned with threats and vandalism such as plaintiff alleges in the instant action.

Defendant's motion, pursuant to CPLR 3103, for a protective order barring plaintiff from taking her deposition was properly denied. We have already rejected her argument that plaintiff's claims are ill founded. We are equally unimpressed by her argument that a deposition is unnecessary, and therefore abusive, because she has already answered extensive interrogatories. The focus of the interrogatories was the counterclaims defendant asserted in her answer to the complaint. Moreover, since answering the interrogatories, defendant has amended her answer twice, with leave of the court. Discovery therefore is not complete, and plaintiff is entitled to depose defendant.

In view of the antagonism between the parties, we are persuaded that their depositions will be conducted most efficiently, and with the least unreasonable annoyance to either of them, under the supervision of a court-appointed Referee with broad latitude to rule on the appropriateness of questions, the Referee to be paid for equally by the parties (CPLR 3103 [a]). Concur—Rosenberger, J. P., Williams, Ellerin and Saxe, JJ.