**John A. DEPASQUALE,
Plaintiff–Appellant,**

v.

**ALLSTATE INS. CO., Defendant–
Appellee.**

No. 02–7132.

United States Court of Appeals,
Second Circuit.

Oct. 31, 2002.

John H. Doyle, III, New York, N.Y., for Appellant.

Gerald F. Kirby, Feldman, Rudy, Kirby, & Farquharson, Westbury, N.Y., for Appellee.

PRESENT: Hon. LEVAL, Hon. CALABRESI, and Hon. B.D. PARKER, Jr. Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 31st of October, two thousand and two.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant John A. DePasquale appeals from a decision of the United States District Court for the Eastern District of New York (Wexler, *J.*), *DePasquale v. Allstate Ins. Co.*, 179 F.Supp.2d 51 (E.D.N.Y.2002), dismissing his claims against the Allstate Insurance Company. We affirm the judgment of the district court.

Advancing a theory of "voidness," DePasquale seeks to upend a state-court declaratory judgment decision in favor of Allstate. We think his theory is likely to be meritless, but we do not need to reach the merits, because DePasquale had the opportunity to present his theory to the state court in defending against the declaratory judgment action, and opted not to do so. *Res judicata* therefore bars his claim. *See Henry Modell & Co. v. Minister, Elders & Deacons of Reformed Protestant Dutch Church,* 68 N.Y.2d 456, 510 N.Y.S.2d 63, 502 N.E.2d 978, 981 n. 2 (N.Y. 1986) (the defendant may not "remain silent in the first action and then bring a second one on the basis of a preexisting claim for relief that would impair the rights or interests established in the first action.") Though the state-court declaratory judgment is pending on appeal, this does not deprive it of preclusive effect under New York law. *See Amica Mutual Ins. Co. v. Jones,* 85 A.D.2d 727, 728, 445 N.Y.S.2d 820 (1981) ("The rule in New

York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding."); *Sullivan v. George Ringler & Co.,* 69 A.D. 388, 388, 74 N.Y.S. 978(mem) (1902) ("The only question involved in this appeal is whether a judgment between the same parties on the same subject-matter is *res adjudicata* after an appeal from the judgment has been taken and an undertaking given to stay execution. This question must be decided in the affirmative, on the authority of *Parkhurst v. Berdell,* 110 N.Y. 386, 18 N.E. 123 (1888).")

DePasquale maintains that a "void" action has no collateral effect, but he fails to appreciate the distinction between actions void for reasons known or available at the time of the original action, and actions void due to subsequent discoveries. *Cf. Collins v. Burr,* 209 A.D. 116, 204 N.Y.S. 357, 359 (App.Div.1924) (because "[n]o judgment may be collaterally attacked for any matters which might have been set up in defense to the action wherein the judgment was obtained," the plaintiff's action, in which he argues that an earlier judgment against him was obtained through fraudulent service of process, is barred).

Accordingly, the judgment of the district court is AFFIRMED.