■ GERARD CORSINI, Appellant-Respondent, v ELIZABETH MORGAN, Also Known as BETSY MORGAN, et al., Respondents-Appellants, et al., Defendants. [999 NYS2d 380]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered June 24, 2013, which granted so much of defend-

ants Elizabeth Morgan, Jonathan Cary and Dan McKay's (collectively, Morgan defendants) and defendants Aaron Shmulewitz and Belkin Burden Wenig & Goldman, LLP's (collectively, Belkin defendants) motions as sought to dismiss the complaint as against them and denied so much of the motions as sought sanctions against plaintiff, unanimously modified, on the facts, to grant the motions as to sanctions, the matter remanded for further proceedings consistent with this decision, and otherwise affirmed, without costs.

The claims against the Belkin defendants are largely based on an aiding and abetting theory. However, the allegations of aiding and abetting are unsupported by facts (see *Roni LLC v Arfa*, 72 AD3d 413, 413, 414 [1st Dept 2010], *affd* 15 NY3d 826 [2010]). To the extent the fifth cause of action is based on the sending of the cease and desist letter to plaintiff, plaintiff does not argue on appeal that he has stated a cause of action for intentional infliction of emotion distress based on the letter, and, in any event, the sending of the letter is not outrageous or extreme conduct that would support a claim for intentional infliction of emotional distress (see *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 303 [1983]).

Plaintiff's allegation that defendant McKay rang his buzzer and announced himself as a police officer after overhearing plaintiff tell a police officer that he would experience emotional distress upon hearing his buzzer ring after his April 2011 arrest does not set forth conduct so outrageous or extreme as to support a cause of action for intentional infliction of emotional distress against McKay (see *Murphy*, 58 NY2d at 303). Further, the complaint alleges no facts showing that defendants Elizabeth Morgan and Jonathan Cary took an active part in the arrests or played an active role in the prosecution of plaintiff, as opposed to merely reporting the matter to the police, so as to support causes of action for false arrest and malicious prosecution against them (see *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1st Dept 1999]).

McKay's statement that plaintiff "takes pictures of [defendant Morgan's] children and probably puts them on the internet" does not constitute slander per se. To the extent plaintiff argues that the statement that he takes pictures of Morgan's children charges him with the "serious crime" of endangering the welfare of a child (Penal Law § 260.10 [1]), he has never denied taking photos of Morgan's children. Further, viewed in the context in which it was made, the statement that plaintiff probably puts the pictures on the Internet merely sets forth an opinion, as opposed to a fact (see *Brian v Richardson*, 87 NY2d

46, 51 [1995]; *Silverman v Clark*, 35 AD3d 1, 15-16 [1st Dept 2006]). Morgan's alleged repeated statements that plaintiff was "a stalker" does not support a claim for slander per se, since the applicable crime of "stalking in the fourth degree" (Penal Law § 120.45), is a class B misdemeanor, which does not rise to the level of a "serious crime" (*see Cavallaro v Pozzi*, 28 AD3d 1075, 1077 [4th Dept 2006]).

Even accepting plaintiff's allegations as true, the complaint does not establish that all the alleged torts of assaults and batteries, threats, defamation, false arrests, and malicious prosecution were part of "a deliberate, malicious and relentless campaign of harassment and intimidation" engaged in by the Morgan defendants to inflict severe emotional distress on plaintiff (*see Nader v General Motors Corp.*, 25 NY2d 560, 569 [1970]; *Seltzer v Bayer*, 272 AD2d 263, 264-265 [1st Dept 2000]). Rather, the allegations show that the actions taken by the Morgan defendants were in fact prompted by, and in response to, plaintiff's harassing conduct of photographing and recording them under the guise of exercising his First Amendment rights (*compare Shannon v MTA Metro-N. R.R.*, 269 AD2d 218 [1st Dept 2000], *modfg on other grounds* Sup Ct, NY County, June 9, 1999, Lippmann, J., index No. 113786/96, [pattern of harassment by defendant in retaliation for plaintiff's filing grievance against his supervisor]; *Vasarhelyi v New School for Social Research*, 230 AD2d 658 [1st Dept 1996] [pattern of harassment by defendant school president after plaintiff controller and treasurer criticized defendant's actions]; *Green v Fischbein Olivieri Rozenholc & Badillo*, 119 AD2d 345, 349-350 [1st Dept 1986] [course of conduct by landlord to interfere with tenant's quiet enjoyment of tenancy after tenant's committee had landlord's eviction plan annulled and vacated]).

The record demonstrates that plaintiff's primary purpose in commencing the instant action, as well as two federal actions asserting the same claims, is the harassment of the Morgan defendants and the Belkin defendants. We therefore find it appropriate to impose sanctions in the form of attorneys' fees and costs and to enjoin plaintiff from commencing any further pro se actions against these defendants based on the same claims, without court approval (*see* CPLR 8303-a; 22 NYCRR 130-1.1; *Banushi v Law Off. of Scott W. Epstein*, 110 AD3d 558 [1st Dept 2013]). Concur—Sweeny, J.P., Renwick, DeGrasse, Clark and Kapnick, JJ.