Gerard CORSINI, Plaintiff–Counter–Defendant–Appellant,

v.

Condé NAST, et al., Defendants–Appellees,

Belkin Burden Wenig & Goldman, LLP, Aaron Shmulewitz, Defendants–Counter–Claimants–Cross–Claimants–Appellees,

Michael R. Bloomberg, et al., Defendants–Cross–Defendants–Appellees,

John Does 1–20, et al., Defendants.

No. 14–2207.

United States Court of Appeals, Second Circuit.

May 12, 2015.

Gerard A. Corsini, New York, N.Y., for Plaintiff–Appellant.

David R. Brand, Belkin Burden Wenig & Goldman, LLP, New York, N.Y., for Condé Nast, Anna Wintour, Belkin Burden Wenig & Goldman, LLP, and Aaron Shmulewitz; Tahirih Mehrie Sadrieh, Assistant

Corporation Counsel, for Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y., for municipal defendants; Christina Frances Ante, Esq., Assistant District Attorney, for Cyrus R. Vance, Jr., District Attorney, New York County, New York, N.Y.; Eric M. Arnone, Galluzzo & Johnson, LLP, New York, N.Y., for Elizabeth Morgan, Jonathan Cary, and Daniel J. McKay, for Defendants–Appellees.

PRESENT: PIERRE N. LEVAL, GERARD E. LYNCH and RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Gerard Corsini, an attorney proceeding pro se, appeals the district court's judgment dismissing his complaint pursuant to 42 U.S.C. §§ 1983 and 1985. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to dismiss a complaint pursuant to Rule 12(b)(6), *see Patane v. Clark*, 508 F.3d 106, 111 (2d Cir.2007), or grant judgment on the pleadings pursuant to Rule 12(c), *see Kirkendall v. Halliburton, Inc.*, 707 F.3d 173, 178 (2d Cir.2013). In both cases, we accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Kirkendall*, 707 F.3d at 178; *Patane*, 508 F.3d at 111. To survive either motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); *Kirkendall*, 707 F.3d at 178–79. A claim will have "facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 678–79, 129 S.Ct. 1937.

Upon review, we conclude that the district court correctly dismissed Corsini's claims that he was falsely arrested and maliciously prosecuted, and that his prosecution violated the First Amendment. Except as noted below, we affirm for substantially the reasons stated by the district court in its thorough May 15, 2014 decision.

## I. *Waiver*

■■■ As an initial matter, we find that Corsini has waived his claims of unconstitutional search and seizure and deliberate denial of medical treatment while he was detained because his appellate brief contains no "effort at developed argumentation" with respect to those claims. *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (noting settled appellate rule that issues addressed only in a perfunctory manner are waived). Corsini has also waived his claim of excessive force during handcuffing because he does not set forth any argument with respect to that claim until his reply brief. *See United States v. Yousef*, 327 F.3d 56, 115 (2d Cir.2003) ("We will not consider an argument raised for the first time in a reply brief."). We decline the invitation, advanced by some defendants, to disregard Corsini's brief for failure to comply with Federal Rule of Appellate Procedure 28 and Local Rule 28.1. But we will note that passing mentions of issues in a rambling, stream-of-consciousness jurisdictional statement and statement of the case is no substitute for "stat[ing] reasoned arguments based on cited authority setting out grounds for reversal." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999).

## II. *Conspiracy Claims*

■■■ The district court's dismissal of the conspiracy claims was appropriate. " '[C]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.' " *Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir.2002), quoting *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir.1993). Apart from reciting conclusorily that the defendants conspired against him, Corsini did not provide any details from which it could be rationally inferred that any conspiracy existed. Accordingly, the district court properly dismissed his conclusory claims of conspiracy. *See Ciambriello*, 292 F.3d at 325.

## III. *Res Judicata*

■■■ The district court was correct that Corsini's claims against defendants Morgan, Cary, McKay, and the law firm of Belkin Burden Wenig & Goldman, LLP, are barred by the doctrine of *res judicata*, because they are materially identical to the claims he alleged against those defendants in a state court proceeding. Corsini's argument that the adverse state court decision does not preclude his federal claims because an appeal was pending misapprehends the application of *res judicata* under New York law. "The rule in New York,

unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." *In the Matter of Amica Mut. Ins. Co.*, 85 A.D.2d 727, 445 N.Y.S.2d 820, 822 (2d Dep't 1981); *accord, Depasquale v. Allstate Ins. Co.*, 50 Fed.Appx. 475, 475–76 (2d Cir.2002) (unpublished). In any event, the New York Appellate Division has now affirmed the dismissal of his state case. *Corsini v. Morgan*, 123 A.D.3d 525, 999 N.Y.S.2d 380 (1st Dep't 2014). Accordingly, Corsini's attempt to relitigate these claims in federal court is barred.

## IV. *Rule 11 Sanctions*

■ Corsini argues that the district court abused its discretion in granting the Belkin defendants' motion for Rule 11 sanctions, because that motion was filed with the court before the expiration of the "safe harbor" period of Rule 11(c)(2). But because the district court did not fix the amount of sanctions in its order granting the motion (and apparently has never done so), that order is not final as to the sanctions within the meaning of 28 U.S.C. § 1291. *See Pannonia Farms, Inc. v. USA Cable*, 426 F.3d 650, 652–53 (2d Cir. 2005). We therefore dismiss the portion of Corsini's appeal related to Rule 11 sanctions for lack of appellate jurisdiction.

## V. *Leave to Amend*

■ Finally, Corsini asserts that he should have been granted leave to amend his complaint, arguing that the district court ordinarily grants plaintiffs permission to file an amended complaint, and that it is "rare that such leave should be denied ... especially when there has been no prior amendment." Appellant's Br. 54. But the district court did allow Corsini to amend his complaint; he filed a first amended complaint and never formally moved to amend that complaint. Instead,

he merely raised the prospect of a second amendment in his opposition to the motion to dismiss. The district court did not abuse its discretion by not addressing this vague allusion to a possible second amendment. "It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 466 F.3d 187, 220 (2d Cir.2006), *abrogated on other grounds by FTC v. Actavis, Inc.*, —— U.S. ——, 133 S.Ct. 2223, 186 L.Ed.2d 343 (2013); *see also McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir.1992).

We have considered all of Corsini's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court granting the defendants' motions to dismiss, and **DISMISS** that portion of the appeal challenging the sanctions order for want of jurisdiction.