(59 Misc. Rep. 133.)

### In re MORAN.

(Surrogate's Court, Kings County.　April, 1908.)

1. ABATEMENT AND REVIVAL—ANOTHER ACTION PENDING.

Where there are two proceedings pending between the same parties for the same object, the proceeding first commenced is a bar to that commenced afterwards.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, §§ 25–38.]

2. JUDGMENT—MERGER AND BAR—EFFECT OF APPEAL.

The rule that where there are two proceedings between the same parties for the same object, and the earlier proceeding has ripened into judgment, it is a bar to the later proceeding, should not be relaxed because the former judgment has been stayed during the pendency of an appeal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 580.]

In the matter of Louisa Moran, deceased.　Application by next of kin for payment of part of her distributive share.　Denied.

See 58 Misc. Rep. 488, 111 N. Y. Supp. 640.

John C. Judge, for petitioner.

Jacob I. Bergen (Paul Bonynge, of counsel), for respondent.

KETCHAM, S.　This is an application by one of the next of kin for the payment to her of a part of her distributive share.　Upon the accounting of the administratrix it was decreed that she pay to the petitioner the sum of $1,535.54 as the distributive share of the latter. From this decree the administratrix has appealed, and upon such appeal has given an undertaking by which the enforcement of the decree in all respects is stayed.

Where there are two proceedings pending between the same parties for the same object, the proceedings first commenced are a bar to those commenced afterward.　Lewis v. Maloney, 12 Hun, 207, and cases cited.　In the case cited it is said:

"The principle covering such cases is that, if full relief can be had in the one proceeding or action, no other shall be allowed."

This rule seems more obviously applicable where as in the case at bar, the former proceeding has ripened into a judgment, amply and favorably disposing of the rights of the party who seeks a second remedy for the purpose which has already been fulfilled.　The demand of the petitioner is that she be decreed the payment of $1,000 as a part of her distributive share; but there has previously been an adjudication in her favor upon the share in question, and a decree that

the whole thereof be paid. That decree in the petitioner's favor is enforceable by appropriate and adequate remedies, and as a judgment, not only earlier, but more deliberate, anticipates and excludes the summary remedy now invoked.

That the former judgment has been stayed on appeal, and cannot be enforced for the present, is no answer to the claim of a prior adjudication. The remedy in the former proceeding is none the less complete because its enforcement is stayed; and the stay, so far from permitting a second proceeding, which would not be instituted by the petitioner or tolerated by the law if the stay did not exist, affords an added ground for the denial of the present application. To grant it would not only offend the general principle that a prior proceeding, especially when it has resulted in judgment, is a bar to a new proceeding, but it would be a judicial violation of the absolute stay under the statutory undertaking.

The application must be denied.

Application denied.