■ In the Matter of the Arbitration between AMICA MUTUAL INSURANCE COMPANY, Appellant, and THEODORE JONES et al., Respondents. — In a proceeding to stay arbitration of an uninsured motorist claim, petitioner appeals from a judgment of the Supreme Court, Kings County (Leone, J.), entered July 1, 1981, which, *inter alia,* dismissed the petition and directed the parties to proceed to arbitration. Judgment affirmed, with $50 costs and disbursements to respondent Jones. The temporary stay issued by this court, dated July 6, 1981, is hereby vacated. Petitioner was the issuer of a policy of insurance covering an automobile operated by respondent Jones at the time of an accident, which accident resulted in injuries to both Jones and a passenger named Williams. Because respondent Hartford Insurance Companies dis-

claimed coverage of the other motor vehicle involved in the accident on the ground it had previously canceled its policy of insurance, Jones and Williams each made separate claims under the uninsured motorist indorsement of the Amica policy on the Jones' vehicle. Petitioner brought separate applications to stay arbitration demanded by the injured parties. The first petition responded to Williams' demand made in May, 1979, and the index number assigned to that application was used in December, 1979 when Amica served its petition responding to Jones' arbitration demand. Petitioner obtained a temporary stay of arbitration on default under the same index number, but Williams was not named in the caption of the order. Amica then filed a note of issue and statement of readiness under the same index number, naming Jones but not Williams. The minutes of the trial directed by the temporary stay order show that only the insurance companies entered appearances; the caption named Williams but not Jones and recorded the same index number. Trial Term directed entry of judgment against Amica, and the judgment drafted by Amica under the same index number named Williams but not Jones. Amica took an appeal from that judgment by serving a notice of appeal, captioned in Williams' name, on Williams, but failed to serve a notice of appeal on Jones despite Jones' service on petitioner of a copy of the judgment with written notice of entry. About the same time, Jones served a second demand for arbitration of his claim, and petitioner responded with another application, under a different index number, to stay arbitration. In this new application, petitioner anticipatorily objected to resolution of the matter by Special Term under the doctrine of collateral estoppel based upon its previous loss at Trial Term, and expressly requested a stay of all proceedings pending appeal of the Trial Term judgment. Jones, in opposition to the petition, argued that his offensive use of *res judicata* principles was not as a stranger to the prior proceedings but as a party to them, and that therefore, given petitioner's failure to appeal the Trial Term judgment as to him, that judgment could not be undermined under any circumstances. Special Term, without addressing these arguments, simply ruled that the then-present pendency of the appeal from the Trial Term judgment could not preclude application of *res judicata* principles; therefore, ruled the court, judgment would be entered for Jones against petitioner. Petitioner then took an appeal from Special Term's judgment and successfully moved this court for a stay of that judgment pending disposition of the appeal. The appeal from the Trial Term judgment and that from the Special Term judgment were perfected on separate records and briefs and were argued separately on the Same Day Calendar of this court. We have reversed the Trial Term judgment herewith, on the law, and have granted petitioner's application for a permanent stay of arbitration against Williams (*Matter of Amica Mut. Ins. Co.* [*Williams*], 85 AD2d 730). The issue is how to dispose of the second, "dependent" judgment (see Restatement, Judgments 2d [Tent Draft No. 1], § 41.3, comment *a*), for which the Trial Term judgment had been the sole basis. While respondent Jones does not raise the point expressly in his brief, we note that though Special Term's decision was technically correct as a matter of law, it may not necessarily have been wise. The rule in New York, unlike that in other jurisdictions, is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding (see *Parkhurst v Berdell,* 110 NY 386, 392-393; *Sullivan v Ringler & Co.,* 69 App Div 388; *Mercantile Nat. Bank of City of N. Y. v Corn Exch. Bank,* 73 Hun 78, 80; *Stevens v Stevens,* 69 Hun 332, 336; *Duverney v State of New York,* 96 Misc 2d 898; *Matter of Moran,* 59 Misc 133; Ann., 9 ALR2d 984, 1001; 9 Carmody-Wait 2d, NY Prac, § 63:215, pp 222-223). At the time it was offered in evidence

before Special Term, the Trial Term judgment had yet to be reversed, and it remained unimpeached as of the very day both judgments came before this court for review. Yet, given this court's decisions in *Cohn v Royal Globe Ins. Co.* (67 AD2d 993, affd 49 NY2d 942) and *Matter of Travelers Ind. Co. v Kammer* (72 AD2d 817), there was substantial doubt that Trial Term's judgment would survive scrutiny on appeal; therefore, assuming Jones was a stranger to the Trial Term judgment offered at Special Term against petitioner, Special Term should have stayed all proceedings, including entry of its judgment, pending disposition of the appeal from the Trial Term judgment (see Ann., 9 ALR2d 984, 988; Restatement, Judgments 2d [Tent Draft No. 1], § 41.3, comment *b*). Special Term's failure to do so, however, does not require this court to relegate a party in petitioner's position to a motion to the rendering court for postjudgment relief pursuant to CPLR 5015 (subd [a], par 5) once this court has reversed the predicate Trial Term judgment. (See 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.11, p 50-240.) So inefficient a disposition, once suggested by the Court of Appeals in *Parkhurst v Berdell* (110 NY 386, *supra*), as the only proper disposition would violate the procedure subsequently specified by that court in *Halpern v Amtorg Trading Corp.* (292 NY 42), which cited with approval the case of *Butler v Eaton* (141 US 240). The latter case presented the reviewing court with the same situation as confronts this court: the virtually simultaneous argument and decision of appeals from two judgments, one of which was the basis for the other. Rather than rejecting appellant's collateral attack on the predicate judgment in arguing the appeal from the dependent judgment, and thus forcing the parties to take "ulterior" proceedings in the rendering court, the United States Supreme Court ruled that the better procedure would be to reverse the dependent judgment itself on the basis of its "judicial knowledge" that it was reversing the predicate judgment. (*Butler v Eaton, supra,* p 244; see, also, Restatement, Judgments 2d [Tent Draft No. 1], § 41.3, comment *c*, reporter's note; Peterfreund & McLaughlin, NY Prac Cases & Materials [4th ed], p 1424, n [3].) Such a procedure would seem particularly commended to this court because we have, unlike the Court of Appeals, broad power to resolve matters by finding new facts itself rather than by remitting to the rendering forum. (See CPLR 5522, 5613; *O'Connor v Papertsian,* 309 NY 465; *Matter of Allstate Ins. Co. [Oberfast],* 36 AD2d 708; *Hacker v City of New York,* 26 AD2d 400, 403, affd 20 NY2d 722, cert den 390 US 1036; 7 Weinstein-Korn-Miller, NY Civ Prac, pars 5522.04, 5522.07; 47 Fordham L Rev 929, 951, 979, 981.) The fact that this court has the power to entertain a collateral attack in one appeal upon a predicate judgment also under appeal to this court does not resolve the case at bar, however. As raised by respondent Jones, there was a question as to whether Jones was a party to the prior proceeding; petitioner did not appeal as to Jones, although there was no dispute that it did appeal this Trial Term judgment as to *other* respondents. The rule is that a party who fails to appeal from a judgment is deemed to have acquiesced in it, unless the litigated rights be joint, in which case reversal as to persons made party to the appeal requires reversal as to all persons who were parties to the judgment, whether or not made party to the appeal. (See *Sunshine v Bankers Trust Co.,* 34 NY2d 404, 408, 413-414; *St. John v Andrews Inst. for Girls,* 192 NY 382, 386; see, also, *Matter of Winburn,* 270 NY 196; *Matter of Horner,* 237 NY 489, 504; *United States Print. & Lithograph Co. v Powers,* 233 NY 143; *Matter of Union Trust Co. of N.Y. [Detmold],* 219 NY 537, 540-541; *Schultz v United States Fid. & Guar. Co.,* 201 NY 230; *Bonat v Crosswell,* 241 App Div 230, 231; cf. *Feinberg v Saks & Co.,* 83 AD2d 952, 953; *Waldman v Waldman,* 71 AD2d 951; *Arnold v District Council No. 9, Int. Brotherhood of Painters & Allied Trades,* 61 AD2d 748, revd on

other grounds 46 NY2d 999; *Belandres v Belandres,* 58 AD2d 63, 65.) Although the appeals here arise out of a single automobile accident in which petitioner is confronted with claims based on one policy of insurance, the claims are several rather than joint; therefore, petitioner's failure to appeal the predicate Trial Term judgment *as to Jones* would preclude this court from entertaining its collateral attack on that judgment even though petitioner's direct attack on that judgment by way of its appeal *as to Williams* has been successful. A review of the record reveals that petitioner itself had treated the separate arbitration demands by Jones and Williams as but a single matter for purposes of litigation; petitioner will not now be heard to argue that Jones' claim had not been litigated before Trial Term pursuant to the temporary stay order. Therefore, the Trial Term judgment directing arbitration continues to bind petitioner despite its reversal on appeal with respect to Williams: *"'[R]es judicata facit ex albo negrum, ex negro album, ex curvo rectum, ex recto curvum'"* (res judicata makes white, black, black, white, the crooked, straight, and the straight, crooked) (*People ex rel. Watchtower Bible & Tract Soc. v Haring,* 286 App Div 676, 683). Accordingly, the judgment of Special Term must be affirmed. Cohalan, J. P., Margett, O'Connor and Thompson, JJ., concur.