■ NORTH FORK BANK, as Successor by Merger to NORTH FORK BANK AND TRUST Co., Appellant, v LILLIAN HEALY, Respondent. [638 NYS2d 671] —In an action to recover payment on promissory notes and a personal guaranty which was commenced by motion for summary judgment in lieu of complaint, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), dated June 8, 1995, which denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof granting the defendant's cross motion for summary judgment and substituting therefor a provision denying the cross motion; as so modified, the order is affirmed, without costs or disbursements.

We agree with the plaintiff's claim that this action was not barred by the Statute of Limitations since it was commenced within six years of the corporate debtor's default (see, Marine Midland Bank v Walter Perlstein, Inc., 175 AD2d 523). The court properly applied the doctrine of collateral estoppel to preclude the plaintiff from relitigating issues already determined by a prior order of the court in a related action (see, North Fork Bank & Trust Co. v Lace Mill Assocs., 224 AD2d 600 [decided herewith]). However, since we are now modifying that prior order the order appealed from must also be modified (see, Matter of Amica Mut. Ins. Co. [Jones], 85 AD2d 727). Sullivan, J. P., Santucci, Friedmann and Krausman, JJ., concur.