■ Anonymous et al., Respondents, v Dobbs Ferry Union Free School District et al., Defendants, and Steven Nowicki, Appellant. [797 NYS2d 120]—

In an action to recover damages for personal injuries, etc., the defendant Steven Nowicki appeals (1) from an order of the Supreme Court, Westchester County (Donovan, J.), entered September 19, 2002, which denied his motion, inter alia, to vacate so much of a prior order of the same court entered June 28, 2001, as granted that branch of the plaintiffs' motion which was for summary judgment against him on the issue of liability upon his failure to oppose the motion, and (2) an order of the same court entered January 13, 2003, which granted the plaintiffs' motion to modify a confidentiality stipulation to permit release of the records on appeal of two previously-decided appeals, after redactions agreed upon by the plaintiffs and the defendants to those appeals.

Ordered that the order entered September 19, 2002, is affirmed; and it is further,

Ordered that the appeal from the order entered January 13, 2003, is dismissed, as the appellant is not aggrieved by that order (see CPLR 5511); and it is further,

Ordered that one bill of costs is awarded to the respondents.

This is an action by the plaintiffs to recover damages for personal injuries sustained by them as a result of the appellant's civil battery. Criminal charges were filed against the appellant based upon his conduct and in October 2000 he was convicted of four counts of sodomy in the first degree, sixteen counts of sexual abuse in the first degree, and two counts of endangering the welfare of a child.

The appellant's appeal from his judgment of conviction is still pending. Nevertheless, the plaintiffs were entitled to summary judgment against him on the issue of liability based upon the doctrine of collateral estoppel (see Matter of Capoccia, 272 AD2d 838, 847 [2000]; Laurie Marie M. v Jeffrey T.M., 159 AD2d 52, 55 [1990], affd 77 NY2d 981 [1991]; Matter of Amica Mut. Ins. Co. [Jones], 85 AD2d 727, 728 [1981]). The rule in New York is that the "pendency of an appeal does not prevent the use of the challenged judgment as the basis of" collateral estoppel (Matter

of *Amica Mut. Ins. Co. [Jones], supra* at 728). Moreover, the appellant failed to establish that he was deprived of "a full and fair opportunity to contest" the criminal conviction (*D'Arata v New York Cent. Mut. Fire Ins. Co.,* 76 NY2d 659, 664 [1990]; *see Matter of Juan C. v Cortines,* 89 NY2d 659, 667 [1997]).

The appellant was not a party to the confidentiality stipulation. The purpose of that stipulation was to protect the plaintiffs, who are children, and other children identified during the course of the litigation, not to protect the appellant. The appellant cannot challenge the modification of the stipulation as he is not an "aggrieved party." Accordingly, his appeal from the order entered January 13, 2003, must be dismissed (*see* CPLR 5511). H. Miller, J.P., Cozier, Goldstein and Skelos, JJ., concur.