*244 OPINION OF THE COURT
Robert J. Miller, J.
Motion by defendant City of New York for an order dismissing the complaint herein pursuant to CPLR 3211 is granted and the cross motion by plaintiff Akbar Self Help Inc. for leave to serve an amended complaint pursuant to CPLR 3025 (b) is denied.
This is an action brought to compel the determination of a claim to real property, to wit, the premises at 316-318 Livonia Avenue in Brooklyn. According to the complaint, in 1980, Akbar “decided to utilize this abandoned property to improve the community.” It is alleged by Akbar that, prior thereto, the structure consisted only of a wall and basement, but that Akbar subsequently built a substantial enclosure on the property and began to use the premises to provide employment assistance and child development programs to neighborhood residents. Akbar further alleges that it never sought permission from the City, the property owner, to occupy the premises and its occupation and use has been open and continuous for more than 15 years. Therefore, Akbar alleges that the City “has forfeited ownership of the property in question” under the doctrine of adverse possession.
In its motion, the City points out that in 2006 it brought a holdover proceeding against Akbar in the Civil Court, Kings County, in order to obtain possession of the premises and that a judgment was entered in favor of the City after trial. Since Akbar raised the defense of adverse possession in that proceeding, the City contends that the instant action is barred under the doctrine of res judicata. The City further argues that, inasmuch as Akbar was not incorporated until 1999, Akbar’s claim must fail because it cannot have occupied the premises for the 10-year period required for adverse possession. The City adds that the property was owned as part of the Brownsville Urban Renewal Project, a public use, and that the doctrine of adverse possession is not applicable to property owned by a municipality in its governmental capacity.
In its cross motion and in opposition to the motion, Akbar asserts that the Civil Court lacked jurisdiction to determine ownership of the premises, given its adverse possession defense, and, therefore, this action is not barred by the doctrine of res judicata. Even if the Civil Court did have subject matter jurisdiction, Akbar argues that it did not have a full and fair op *245 portunity to litigate the issue of adverse possession and it “did not mount a vigorous defense in the previous action because the only thing at stake was [its] right to be in the premises, not title to the subject premises.” With respect to the length of its “open and notorious possession,” Akbar explains that, prior to its formation in 1999, it existed as an organization known as “The Future” which was formed by Octavius Bamberg and Derrick Walker, that they “got title by adverse possession by moving into the subject premises on or about July 1980” and that they transferred title to Akbar in 1999. In support of its contentions, Akbar submits the affidavit of Octavius Bamberg which allegedly confirms the use of the premises since 1980 by various organizations and individuals affiliated with Akbar. In addition, Akbar questions whether the City has established, in the absence of a trial, that the property was held for a public purpose and it suggests that the issue may not be resolved on a motion to dismiss without the benefit of discovery. Insofar as the cross motion is concerned, Akbar seeks to add Octavius Bamberg and Derrick Walker as “necessary parties” and to amend its complaint so as to allege that it obtained the property from Octavius Bamberg. (The court notes that a copy of the proposed amended complaint has not been annexed to the cross motion.)
In opposition to the cross motion, the City maintains that the proposed amendments lack merit and, therefore, such relief should be denied. The City further asserts that this action is barred by the doctrine of res judicata because Akbar raised its claim of adverse possession as a defense in the holdover proceeding. The City repeats its contention that its Brownsville Urban Renewal Project was a public use and, consequently, that the property may not be subject to adverse possession. The City adds that Akbar may not satisfy the 10-year statutory requirement by “tacking” on the time that Octavius Bamberg occupied the property since Akbar “has not demonstrated that Bamberg’s possession of the subject property was under a claim of title, nor demonstrated that he had an unbroken chain of privity with Akbar.”
Akbar submits that it has been possessing the property in dispute for several decades and it describes a chain of privity of ownership from Octavius Bamberg to itself. The required period for continuous possession in an adverse possession claim is 10 years (see Walling v Przybylo, 7 NY3d 228 [2006]).
“For purposes of adverse possession the requisite
*246 continuity of possession may be shown by combining the successive possessions of several persons between whom privity exists, in a process called tacking . . . Where the successive possessions of those in privity with each other, when tacked together, constitute one continuous adverse possession for the statutory period, it will be sufficient, provided the other elements of adverse possession are also present” (2 NY Jur 2d, Adverse Possession § 58).
Should one desire to tack on the period of adverse use or possession by a predecessor in title to establish the statutory period, such tacking would be permitted as long as there is an “ ‘unbroken chain of privity between the adverse possessors’ ” (Rose Val. Joint Venture v Apollo Plaza Assoc., 178 AD2d 695, 697 [1991], quoting Pegalis v Anderson, 111 AD2d 796, 797 [1985]). Given the affidavit of Octavius Bamberg that he and several other individuals entered the subject property in 1980 and began to use it openly and that they thereafter “transferred all ownership of the subject premises to the newly formed corporation Akbar Self Help [Inc.]” in 1999, the proposed amended complaint would state a viable cause of action, assuming Akbar’s claims were not otherwise barred by the doctrine of collateral estoppel for the alleged public use of the property by the City.
“Collateral estoppel . . . ‘precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same’ ” (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Here, Akbar is collaterally estopped from raising the issue of adverse possession since it unsuccessfully raised this issue as a defense in the summary proceeding (see Nissequogue Boat Club v State of New York, 14 AD3d 542, 544 [2005]). The fact that the Civil Court may not have authority to determine issues of title does not bar the application of the doctrine of collateral estoppel since it was interposed by Akbar as a defense, as opposed to an affirmative claim of adverse possession. Had Akbar withheld raising the issue, a judgment of the Civil Court in favor of the City would not have precluded litigating its claim of adverse possession, provided that it commenced an action within 60 days of the entry of a judgment in the Civil Court (see RPAPL 747 [2]). Moreover, the pendency of an appeal of the Civil Court judgment does not prevent its use as the basis of collateral estop *247 pel (see Anonymous v Dobbs Ferry Union Free School Dist., 19 AD3d 522 [2005]; Matter of Amica Mut. Ins. Co. [Jones], 85 AD2d 727, 728 [1981]). Accordingly, the motion by the City is granted and the complaint herein is dismissed.
Since the proposed amendment would not preclude the application of the doctrine of collateral estoppel, the cross motion is denied (see e.g. Spano v Northwood Tree Care, Inc., 48 AD3d 667 [2008]).
Even if the City had not obtained a judgment in its favor in the Civil Court proceeding, plaintiffs claims would be barred since title to property owned by the City for public or governmental purposes cannot be lost through adverse possession (see Litwin v Town of Huntington, 208 AD2d 905 [1994]). In New York, the term “public use” broadly encompasses any use, including urban renewal, which contributes to the health, safety and general welfare of the public (see Matter of C/S 12th Ave. LLC v City of New York, 32 AD3d 1, 10-11 [2006]). In this case, the City has demonstrated that the subject property was dedicated for public purposes as part of the Brownsville Urban Renewal Project in 1967 when the New York City Board of Estimate approved the City’s plans for urban renewal of the site. (Cf. City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 125 [1982].) As such, any claim that the subject property was adversely possessed must fail.