■ ANDREW ARNER, Plaintiff, v RREEF AMERICA, L.L.C., et al., Defendants. RREEF AMERICA, L.L.C., et al., Third-Party Plaintiffs-Respondents, v SWEET CONSTRUCTION CORPORATION et al., Third-Party Defendants, EMPRISE CONSTRUCTION, INC., Third-Party Defendant-Respondent, ADELPHI RESTORATION CORP., Third-Party Defendant-Respondent-Appellant, and CODA INTERIORS, Third-Party Defendant-Appellant-Respondent. [994 NYS2d 572]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered June 25, 2013, which, to the extent appealed from as limited by the briefs, denied third-party defendant Coda Interiors' (Coda) motion for summary judgment dismissing the third-party complaint as against it, and denied third-party defendant Adelphi Restoration Corp.'s (Adelphi) motion for summary judgment dismissing the third-party complaint and all cross claims as against it, unanimously modified, on the law, Adelphi's motion granted to the extent of dismissing third-party plaintiffs' third cause of action against it, alleging breach of contract for failure to procure insurance, and otherwise affirmed, without costs.

Plaintiff commenced this action seeking to recover for injuries he sustained when he allegedly tripped and fell on a Masonite board sticking up from the floor near the mail room and service entrance of the building in which he resided, which was undergoing extensive construction work at the time. Third-party plaintiffs, owners and managers of the building (owners/managers), asserted a third-party complaint seeking contractual and common law indemnification and contribution against various contractors working in the building at the time, as well as asserting causes of action alleging failure to procure insurance.

Coda and Adelphi failed to establish their prima facie entitlement to summary judgment dismissing the third-party claims asserting common law and contractual indemnification and contribution and cross claims against them. Coda and Adelphi each used the service entrance to bring material into the building.

The statements of their respective owners that their workers did not dislodge the Masonite board is not supported by any evidence. Because neither was at the site on a daily basis as the work was being performed and neither stated the basis for such an assertion, such assertions were conclusory.

Adelphi was entitled to summary judgment dismissing the third-party claim against it alleging breach of contract for failure to procure insurance. The contract of insurance procured by Adelphi and letter from its insurer to owners/managers declining their tender should have been considered by Supreme Court (*see Sanford v 27-29 W. 181st St. Assn.*, 300 AD2d 250, 251 [1st Dept 2002]). In its moving papers Adelphi argued that it had procured insurance naming owners/managers as additional insured as required by its contract, and submitted a copy of the certificate of insurance. In opposition, the owners/managers argued that Adelphi's insurer had declined their tender and, based on the certificate of insurance, an issue of fact exists as to the identity of the additional insureds. With its reply papers, Adelphi submitted a copy of the insurance policy with additional insured endorsement and the insurer's letter declining tender in reply to owners/managers' arguments.

Adelphi's contract required it to procure insurance "protecting all the Owner Entities . . . against liabilities arising out of the operations of [Adelphi]." Adelphi procured insurance in the specified amounts, and the additional insured endorsement provides coverage for organizations "[a]s required by written contract signed by both parties prior to loss." Moreover, although the additional insured endorsement did not state the covered locations, the owners/managers never raised this as a ground for denial of Adelphi's summary judgment motion, and Adelphi's insurer did not offer it as a reason for declining owners/managers' tender. Accordingly, the motion court improperly relied on the failure to state the covered location in denying Adelphi's motion to dismiss so much of the claim against it as was based on its alleged failure to procure insurance. Concur—Sweeny, J.P., Renwick, Andrias, Moskowitz and Manzanet-Daniels, JJ.