(March 29, 2017)

■ 77 WATER STREET, INC., et al., Appellants, v JTC PAINTING & DECORATING CORP. et al., Respondents, et al., Defendant. [50 NYS3d 471]—

Appeal by the plaintiffs from an order of the Supreme Court, Kings County (Bernadette Bayne, J.), dated May 13, 2015. The order denied the plaintiffs' motion for summary judgment declaring, inter alia, that the defendants JTC Painting & Decorating Corp. and Allied World Assurance Company are obligated to defend and indemnify the plaintiffs herein in an underlying action entitled *Muhjaj v 77 Water St., Inc.*, pending in the Supreme Court, Kings County, under Index No. 847/10, or, in the alternative, in effect, that the defendant JTC Painting & Decorating Corp. is obligated to procure insurance coverage for these plaintiffs in the underlying action, and granted the cross motion of the defendants JTC Painting & Decorating Corp. and Allied World Assurance Company, inter alia, for summary judgment declaring that the defendant Allied World Assurance Company is not obligated to defend or indemnify these plaintiffs in the underlying action, and that the defendant JTC Painting & Decorating Corp. satisfied any contractual obligation it had to procure insurance coverage for these plaintiffs.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment declaring that the defendant Allied World Assurance Company is obligated to defend and indemnify the plaintiff Structure Tone, Inc., in an underlying action entitled *Muhjaj v 77 Water St., Inc.*, pending in the Supreme Court, Kings County, under Index No. 847/10, and substituting therefor a provision granting that branch of the plaintiffs' motion, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendants JTC Painting & Decorating Corp. and Allied World Assurance Company which was for summary judgment declaring that the defendant Allied World Assurance Company is not obligated to defend or indemnify the plaintiffs herein in the underlying action, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment in accordance herewith.

In an underlying action entitled *Muhjaj v 77 Water St., Inc.*, which is pending in the Supreme Court, Kings County, under Index No. 847/10, the plaintiff therein is seeking damages from 77 Water Street, Inc. (hereinafter 77 Water Street), and Structure Tone, Inc. (hereinafter Structure Tone), for alleged

injuries that occurred on October 26, 2009, when he allegedly slipped on debris at a renovation site and fell. On the date of the accident, the plaintiff in the underlying action was employed as a painter by JTC Painting & Decorating Corp. (hereinafter JTC). The complaint in the underlying action alleges that JTC had entered into a subcontract with Structure Tone, which was the general contractor or construction manager, to perform work at the renovation site, and that 77 Water Street was the owner of the property.

Structure Tone and 77 Water Street (hereinafter together the plaintiffs) commenced the instant action seeking a judgment declaring that Allied World Assurance Company (hereinafter Allied), JTC's commercial general liability insurer, is obligated to defend and indemnify them in the underlying action as additional insureds under a commercial general liability policy that Allied issued to JTC. The policy contained an endorsement entitled "Additional Insured—Owners, Lessees or Contractors—Scheduled Person or Organization" (hereinafter the endorsement), which amended the definition of "who is insured" under the policy to include entities "[a]s required by written contract" with JTC. In the alternative, the plaintiffs sought, in effect, a judgment declaring that JTC is obligated to provide insurance coverage to the plaintiffs, having breached its contractual obligation to obtain certain policies of insurance naming them as additional insureds.

The plaintiffs moved for summary judgment, in effect, making the declarations sought in the complaint, contending that JTC and Structure Tone had entered into two written contracts, a blanket insurance/indemnity agreement and an unsigned purchase order, wherein JTC agreed to procure comprehensive general liability insurance and to name Structure Tone and 77 Water Street as additional insureds on the policy. The blanket insurance/indemnity agreement is dated June 24, 2004, and the purchase order is dated October 29, 2009. JTC and Allied cross-moved, inter alia, for summary judgment declaring that Allied is not obligated to defend or indemnify the plaintiffs in the underlying action, and that JTC satisfied any contractual obligation it had to procure insurance coverage for the plaintiffs. They contended, among other things, that the plaintiffs were barred by the doctrine of collateral estoppel from asserting that JTC had agreed in a written contract to name them as additional insureds on its insurance policy. In support, they submitted proof that the plaintiffs had asserted a third-party cause of action for contractual defense and indemnification against JTC in the underlying action, and that

JTC had been granted summary judgment in the underlying action dismissing that cause of action on the ground that no written contract existed between JTC and either of the plaintiffs on the date of the accident.

The Supreme Court held that the plaintiffs were collaterally estopped from contending that a written contract existed between them and JTC on the date of the accident that required JTC to procure comprehensive general liability insurance and to name them as additional insureds on the policy. As a result, the Supreme Court denied the plaintiffs' motion for summary judgment, and granted the cross motion of JTC and Allied, inter alia, for summary judgment, concluding that JTC and Allied were entitled to a judgment declaring that Allied was not obligated to defend or indemnify either of the plaintiffs in the underlying action. The plaintiffs appeal.

" 'The doctrine of collateral estoppel bars relitigation of an issue which has necessarily been decided in a prior action and is determinative of the issues disputed in the present action, provided that there was a full and fair opportunity to contest the decision now alleged to be controlling. The party seeking the benefit of the doctrine of collateral estoppel must establish that the identical issue was necessarily decided in the prior action and is determinative in the present action. Once the party invoking the doctrine discharges his or her burden in that regard, the party to be estopped bears the burden of demonstrating the absence of a full and fair opportunity to contest the prior determination' " (*JBGR, LLC v Chicago Tit. Ins. Co.*, 128 AD3d 900, 902 [2015], quoting *Capellupo v Nassau Health Care Corp.*, 97 AD3d 619, 621 [2012]). "The rule in New York is that the 'pendency of an appeal does not prevent the use of the challenged judgment as the basis of' collateral estoppel" (*Anonymous v Dobbs Ferry Union Free School Dist.*, 19 AD3d 522, 522 [2005], quoting *Matter of Amica Mut. Ins. Co. [Jones]*, 85 AD2d 727, 728 [1981]).

The Supreme Court properly invoked the doctrine of collateral estoppel to preclude the plaintiffs from relitigating the issue of whether a written contract existed between JTC and either of the plaintiffs on the date of the accident, an issue which had already been determined against them in a prior order of the Supreme Court in the underlying action (*see generally D'Angelo v State Ins. Fund*, 48 AD3d 400, 402 [2008]). Nevertheless, since we are modifying that prior order, based, in part, on our determination that there was evidence that a written contract existed on the date of the accident (*see Muhjaj v 77 Water St., Inc.*, 148 AD3d 1165 [2017] [decided herewith]), the

order appealed from in this action also must be modified (*see Matter of Beard v Town of Newburgh*, 259 AD2d 613, 614 [1999]; *North Fork Bank v Healy*, 224 AD2d 601, 601 [1996]).

"When determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from within the four corners of the policy itself" (*Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 52 AD3d 688, 691 [2008]). " 'A provision in a construction contract cannot be interpreted as requiring the procurement of additional insured coverage unless such a requirement is expressly and specifically stated' " (*Empire Ins. Co. v Insurance Corp. of N.Y.*, 40 AD3d 686, 688 [2007], quoting *Trapani v 10 Arial Way Assoc.*, 301 AD2d 644, 647 [2003]).

The plaintiffs demonstrated, prima facie, that the blanket insurance/indemnity agreement was a written contract executed by Structure Tone and JTC prior to the accident, and that it required JTC to obtain comprehensive general liability insurance naming Structure Tone as an additional insured under the policy (*see Pinon v 99 Lynn Ave., LLC*, 124 AD3d 746, 748 [2015]; *Christ the King Regional High School v Zurich Ins. Co. of N. Am.*, 91 AD3d 806, 808 [2012]; *Stellar Mech. Servs. of N.Y., Inc. v Merchants Ins. of N.H.*, 74 AD3d 948, 951 [2010]). As such, Structure Tone qualified as an additional insured under the endorsement to JTC's commercial general liability policy with Allied. In opposition, Allied and JTC failed to raise a triable issue of fact. Accordingly, the plaintiffs were entitled to summary judgment declaring that Allied is obligated to defend and indemnify Structure Tone in the underlying action. For the same reason, JTC and Allied were not entitled to summary judgment declaring that Allied is not obligated to defend or indemnify Structure Tone in the underlying action.

The plaintiffs, however, failed to demonstrate, prima facie, that JTC was required by written contract to name 77 Water Street as an additional insured under its commercial general liability policy with Allied. The blanket insurance/indemnity agreement requires JTC to name "specified owners" as additional insureds under its comprehensive general liability policy, and the plaintiffs failed to submit any evidence demonstrating that 77 Water Street was a specified owner. Moreover, even assuming that the purchase order constituted a "written contract" within the meaning of the endorsement, the purchase order did not require JTC to name 77 Water Street as an additional insured under its comprehensive general liability insurance policy (*see 140 Broadway Prop. v Schindler El. Co.*, 73

AD3d 717, 718-719 [2010]). Thus, the plaintiffs were not entitled to summary judgment declaring that Allied was obligated to defend and indemnify 77 Water Street in the underlying action.

Nevertheless, Allied and JTC were not entitled to summary judgment declaring that Allied was not obligated to defend or indemnify 77 Water Street in the underlying action. The complaint in the underlying action alleged that 77 Water Street was the owner of the subject property where the accident occurred, and Allied and JTC failed to demonstrate, prima facie, that 77 Water Street was not a "specified" owner within the meaning of the blanket insurance/indemnity agreement (see Bovis v Crab Meadow Enters., Ltd., 67 AD3d 846, 848 [2009]).

JTC and Allied were entitled to summary judgment declaring that JTC satisfied any contractual obligation it had to procure insurance coverage for the plaintiffs. In support of their motion for summary judgment, JTC and Allied provided a copy of the commercial general liability insurance policy and the endorsement, which stated that coverage as an additional insured was provided to any entity that JTC was required by contract to have covered as an additional insured. Thus, the policy and endorsement expressly incorporated, and thereby fulfilled, JTC's contractual obligation, if any, to obtain coverage for the plaintiffs. Accordingly, JTC and Allied made a prima facie showing that JTC satisfied any contractual obligation it had to procure insurance coverage for the plaintiffs (see Arner v RREEF Am., L.L.C., 121 AD3d 450, 451 [2014]). In opposition, the plaintiffs failed to raise a triable issue of fact. For the same reason, the plaintiffs were not entitled to summary judgment in their favor on this cause of action.

The plaintiffs' remaining contention, regarding JTC's failure to obtain proper coverage limits, raised for the first time on appeal, is not properly before this Court.

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Allied is obligated to defend and indemnify Structure Tone in the underlying action and that JTC has satisfied any contractual obligation it had to procure insurance coverage for the plaintiffs (see Lanza v Wagner, 11 NY2d 317, 334 [1962]). Mastro, J.P., Balkin, Cohen and Brathwaite Nelson, JJ., concur.