16-3929-cv (L)
*Cincinnati Ins. Co. v. Harleysville Ins. Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of October, two thousand seventeen.

Present:
> GUIDO CALABRESI,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge*.*

---

CINCINNATI INSURANCE COMPANY,

> *Plaintiff-Appellee-Cross-Appellant*,

> v.

HARLEYSVILLE INSURANCE COMPANY,

> *Defendant-Appellant-Cross-Appellee*,

UNIVERSITY OF ROCHESTER MEDICAL CENTER, STRONG MEMORIAL HOSPITAL, LECHASE CONSTRUCTION CORP., LECHASE CONSTRUCTION SERVICES LLC, J.T. MAURO CO., INC., KIMMEL COMPANY, INC.,

> *Defendants*.

16-3929-cv (L)
16-4062-cv (Con)

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

1

For Plaintiff-Appellee-Cross-Appellant: LAURIE A. VAHEY (Stacey E. Trien, *on the brief*), Leclair Korona Vahey Cole LLP, Rochester, NY.

For Defendant-Appellant-Cross-Appellee: STEPHEN E. PEIPER (Jennifer A. Ehman, *on the brief*), Hurwitz & Fine, P.C., Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART AND REVERSED IN PART**.

Plaintiff-Appellee-Cross-Appellant Cincinnati Insurance Company ("Cincinnati") and Defendant-Appellant-Cross-Appellee Harleysville Insurance Company ("Harleysville") cross-appeal from the judgment of the United States District Court for the Western District of New York granting in part and denying in part Cincinnati's motion for summary judgment. *Cincinnati Ins. Co. v. Harleysville Ins. Co.*, No. 15-CV-6501, 2016 WL 6213002 (W.D.N.Y. Oct. 25, 2016). The question presented is whether Harleysville has the duty to defend and indemnify the University of Rochester Medical Center / Strong Memorial Hospital ("UR") and LeChase Construction Corp. and LeChase Construction Services LLC (collectively, "LeChase") as "additional insured[s]" based on the terms of an insurance policy issued by Harleysville (the "Harleysville Policy"). The district court held that Harleysville has the duty to defend and indemnify UR, but not LeChase, as "additional insured[s]." *Cincinnati Ins. Co.*, 2016 WL 6213002, at *5. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision.

2

**A. Background**

Non-party Jumall Little, an employee of The Kimmell Company, Inc. ("Kimmel"), was injured while repairing an HVAC system at a building owned by UR. Little sought damages for his injuries by filing suit against: (1) UR, the owner of the building where Little was injured; (2) LeChase, the general contractor for the HVAC repair project; and (3) J.T. Mauro Co., Inc. ("Mauro"), LeChase's subcontractor for the project.

The HVAC repair project giving rise to that lawsuit involved three separate construction contracts between: (1) UR and LeChase (the "Prime Contract"); (2) LeChase and Mauro (the "LeChase-Mauro Subcontract"); and (3) Mauro and Kimmel (the "Mauro-Kimmel Subcontract"). Kimmel is the named insured under the Harleysville Policy and Mauro is the named insured under a policy issued by Cincinnati. Cincinnati alleges that the Mauro-Kimmel Subcontract required Kimmel to add Mauro, UR, and LeChase as "additional insured[s]" under the Harleysville Policy. The Harleysville Policy addresses "additional insured[s]" in two separate endorsements, Endorsement CG 20 33 (the "Privity Endorsement") and Endorsement CG 20 10 (the "Declaration Endorsement"). The district court held that the Declaration Endorsement does not provide "additional insured" status to either UR or LeChase, but that the Privity Endorsement does provide "additional insured" status to UR. *Cincinnati Ins. Co.*, 2016 WL 6213002, at *4–5. The issue of Mauro's "additional insured" status is not before us on this appeal.

**B. Standard of Review**

We review a district court's grant of summary judgment de novo. *U.S. Fid. & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 149 (2d Cir. 2016) (citation omitted). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is

3

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Because interpretation of an insurance agreement is a question of law, we review the district court's construction of the [policy] de novo." *Fendi*, 823 F.3d at 149 (citation omitted). Here, both parties agree that the facts of this case are undisputed, and that New York law applies to this diversity action.

## C. The Privity Endorsement Does Not Confer "Additional Insured" Status on UR or LeChase

We hold that the Privity Endorsement does not confer "additional insured" status on UR and LeChase because the Privity Endorsement requires contractual privity, and Kimmel did not enter into a contract with UR or LeChase directly. Such an interpretation aligns with New York cases, which have consistently interpreted language identical to the Privity Endorsement[1] to require contractual privity, so that "there must be a written agreement between the insured and the organization seeking coverage to add that organization as an additional insured." *AB Green Gansevoort, LLC v. Peter Scalamandre & Sons, Inc.*, 961 N.Y.S.2d 3, 4–5 (1st Dep't 2013); *see also Muss Dev., LLC v. Nationwide Ins. Co.*, No. 13 CV 4848, 2015 U.S. Dist. LEXIS 142414, at *14–15 (E.D.N.Y. Oct. 20, 2015); *Linarello v. City Univ. of N.Y.*, 774 N.Y.S.2d 517, 520 (1st Dep't 2004); *Time Warner NY Cable LLC v Nova Cas. Co.*, No. 651419, 2013 N.Y. Misc. LEXIS 4138, at *7–9 (N.Y. Sup. Ct. Sept. 11, 2013).

The district court ruled contrary to this settled interpretation by holding that the Privity Endorsement conferred "additional insured" status on UR because "[a] plain reading of the [Mauro-]Kimmel subcontract reveals that Kimmel agreed to name . . . UR as [an] additional insured . . . ." *Cincinnati Ins. Co.*, 2016 WL 6213002, at *4. But, as discussed in *Linarello*, even if the Mauro-Kimmel subcontract could give rise to a breach of contract claim (assuming

---

[1] The language at issue in the Privity Endorsement is: "when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy." J.A. 84.

4

Kimmel had a contractual duty to obtain insurance for UR or LeChase as "additional insured[s]" but failed to do so), the validity of such a claim does not modify the insurance policy to say something that it does not. *Linarello*, 774 N.Y.S.2d at 520 ("[E]ven if [a party] were found to be a third-party beneficiary of [a contract requiring insurance coverage] . . . that would simply mean [that the party] has standing to sue . . . for breach of the provisions in those contracts . . . . It would not mean that the [insurance] policies should be rewritten to name [that entity] as an additional insured."); *Muss Dev., LLC* 2015 U.S. Dist. LEXIS 142414, at *14–15 (same); *Time Warner NY Cable LLC*, 2013 N.Y. Misc. LEXIS 4138, at *7–8 (same).

Furthermore, New York insurance law instructs us that "[w]hen determining whether a third party is an additional insured under an insurance policy, a court must ascertain the intention of the parties to the policy, as determined from ***within the four corners of the policy itself***." *77 Water St., Inc. v. JTC Painting Decorating Corp.*, 50 N.Y.S.3d 471, 475 (2d Dep't 2017) (emphasis added) (citation omitted). And "[i]t is well settled that 'extrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face.'" *W.W.W. Assocs., Inc. v. Giancontieri*, 566 N.E.2d 639, 642 (N.Y. 1990) (citations omitted). Because the Privity Endorsement language has an established meaning in New York insurance law, there is no ambiguity, and thus no reason to consult documents (like the Mauro-Kimmel Subcontract) that lie outside of the Harleysville Policy.

Kimmel did not enter into a contract with UR and so there is no contractual privity between Kimmel and UR. Hence, the district court erred in concluding that the Privity Endorsement, when considered in light of the Mauro-Kimmel Subcontract, confers "Additional Insured" status on UR.

**D. The Declaration Endorsement Does Not Confer "Additional Insured" Status on UR or LeChase**

We agree with the district court's assessment that the Declaration Endorsement does not confer "additional insured" status on either UR or LeChase. *Cincinnati Ins. Co.*, 2016 WL 6213002, at *4. The Declaration Endorsement (CG 20 10) requires us to consult the Declaration section for a Schedule which lists "Additional Insured[s]." That Declaration section lists the "Rochester Institute of Technology" under the heading "Additional Insured—Owners, Lessees Or Contractors—Scheduled Person Or Organization" ("Declaration Heading"). J.A. 32–33. The wording of the Declaration Heading mirrors the heading of the Declaration Endorsement. Directly beneath the Declaration Heading is another heading which is titled "Additional Insured—Owners, Lessees Or Contractors—Automatic Status When Required in Construction Agreement With You" ("Automatic Status Heading"). J.A. 33. The Automatic Status Heading mirrors the heading of the Privity Endorsement.

Cincinnati contends that Harleysville changed the meaning of its policy by including the Automatic Status Heading within the Declaration section. Specifically, Cincinnati asks us to interpret the Automatic Status Heading in the Declaration section as negating the Privity Endorsement's contractual privity requirement, so that "owners, lessees, or contractors are ***automatically entitled*** to additional insured status when required in a construction agreement with Kimmel." Pl.-Appellee Br. 16–17 (emphasis added). Harleysville argues that the fact that the words of the Automatic Status Heading mirror the heading of the Privity Endorsement indicates that the Automatic Status Heading is a reference to the Privity Endorsement, "not a designation of a blanket category of unspecified additional insureds." Def.-Appellant Br. 21.

We agree with Harleysville. Applying Cincinnati's own logic, if we read the Automatic Status Heading in the way that Cincinnati proposes, then the entire Privity Endorsement would

6

be rendered meaningless.   This Endorsement requires contractual privity for additional insured status.   But according to Cincinnati, the Automatic Status Heading in the Declaration section wholly undercuts this Endorsement by making clear that no contractual privity is required.   We decline to read the Harleysville Policy so that an entire endorsement is "rendered meaningless." *County of Columbia v. Cont'l Ins. Co.*, 634 N.E.2d 946, 950 (N.Y. 1994) (citation omitted).

New York insurance law supports this conclusion because "it is settled that in construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect *except as altered by the words of the endorsement*."   *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 84 (2d Cir. 2013) (quoting *County of Columbia*, 634 N.E.2d at 950 (emphasis added)).   Just as in *CGS Industries*, the Privity Endorsement in the Harleysville Policy prominently cautions parties with "a header stating in all caps and bold: '**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**'"   *Id.* (emphasis in original); J.A. 83.   Properly construed, the Privity Endorsement modifies the Automatic Status Heading language in the Declarations, not the other way around.

### E.  Conclusion

We have considered Cincinnati's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court to the extent that the district court held that LeChase is not an "additional insured," and we **REVERSE** the judgment as to UR because we find that UR is not an "additional insured" under the Harleysville Policy.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7