5512 OEAAJB Corp. v Hamilton Ins. Co. (2020 NY Slip Op 07525)





5512 OEAAJB Corp. v Hamilton Ins. Co.


2020 NY Slip Op 07525


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-00249
2019-00250
 (Index No. 606397/17)

[*1]5512 OEAAJB Corp., plaintiff, 
v
Hamilton Insurance Company, defendant second third-party plaintiff-appellant, et al., defendant; Brian O'Kane, second third-party defendant-respondent (and another third-party action). (Appeal No. 1.)
5512 OEAAJB Corp., plaintiff-respondent,
v
Hamilton Insurance Company, defendant second third-party plaintiff-appellant, Inter Insurance Agency, defendant-respondent; Brian O'Kane, second third-party defendant-respondent (and another third-party action). (Appeal No. 2.)


Manning & Kass, Ellrod, Ramirez, Trester, LLP, New York, NY (Eric Wahrburg of counsel), for defendant second third-party plaintiff-appellant.
Sullivan & Klein, LLP, New York, NY (Robert M. Sullivan and Frederick M. Klein of counsel), for second third-party defendant-respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant second third-party plaintiff, Hamilton Insurance Company, appeals from (1) an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered November 30, 2018, and (2) an interlocutory judgment of the same court entered December 12, 2018. The order, insofar as appealed from, granted the cross motion of the second third-party defendant, Brian O'Kane, for summary judgment dismissing the second third-party complaint, and denied the application of the defendant second third-party plaintiff, Hamilton Insurance Company, to stay the second third-party action. The interlocutory judgment, insofar as appealed from, upon the order entered November 30, 2018, and, upon an order entered June 27, 2018, granting the plaintiff's motion for summary judgment on the issue of liability against the defendant second third-party plaintiff, Hamilton Insurance Company, and that branch of the cross motion of the defendant Inter Insurance Agency which was for summary judgment dismissing all cross claims asserted against it, is in favor of the plaintiff and against the defendant second third-party plaintiff, Hamilton Insurance Company, on the issue of liability, is in favor of the defendant Inter Insurance Agency and against the defendant second third-party plaintiff, Hamilton Insurance Company, dismissing all cross claims asserted against the defendant Inter Insurance Agency, and is in favor of the second third-party defendant, Brian O'Kane, and against the defendant second third-party plaintiff, Hamilton Insurance Company, dismissing the second [*2]third-party complaint.
ORDERED that the appeal from the order entered November 30, 2018, is dismissed as the order was superseded by the interlocutory judgment entered December 12, 2018; and it is further,
ORDERED that the interlocutory judgment is affirmed insofar as appealed from, and it is further;
ORDERED that one bill of costs is awarded to the respondents.
In September 2016, the plaintiff, through its insurance broker, the defendant Inter Insurance Agency, secured a policy of business owners insurance from the defendant second third-party plaintiff, Hamilton Insurance Company (hereinafter Hamilton), through Hamilton's general agent, Dovetail Insurance Corp. (hereinafter Dovetail), for a certain property located in Massapequa. The plaintiff's insurance application represented, incorrectly, that the building had a sprinkler system.
In January 2017, the insured premises was damaged as a result of a fire and the plaintiff submitted a claim to Hamilton. While Hamilton continued to collect premium payments, it requested proof of loss and confirmation that the building contained an automatic sprinkler system. Upon learning that the insured premises did not have such a system, Hamilton disclaimed coverage on the basis of a material misrepresentation during the application process, and reserved its right to cancel the policy. Nevertheless, in September 2017, Hamilton, through Dovetail, renewed the plaintiff's insurance policy. Subsequently, claiming that it had first learned about the renewal after an audit of Dovetail, Hamilton directed Dovetail to issue a notice of cancellation of the renewed policy.
The plaintiff commenced this action against Hamilton and Inter Insurance Agency, inter alia, to recover damages for breach of contract. Hamilton asserted counterclaims and cross claims. The plaintiff thereafter moved for summary judgment on the issue of liability against Hamilton, and Inter Insurance Agency cross-moved, among other things, for summary judgment dismissing Hamilton's cross claims against it. In an order entered June 27, 2018, the Supreme Court granted the motion and that branch of the cross motion.
In July 2018, Hamilton filed a second third-party complaint against Brian O'Kane, an employee of Inter Insurance Agency, seeking to recover damages for fraud, negligence, and unjust enrichment based upon O'Kane's alleged misrepresentation on the plaintiff's application for insurance that the insured premises contained a sprinkler system. O'Kane cross-moved for summary judgment dismissing the second third-party complaint. In opposition, Hamilton requested that the action be stayed pending its appeal of the June 27, 2018 order.
In an order entered November 30, 2018, the Supreme Court, inter alia, granted O'Kane's cross motion, and denied Hamilton's application for a stay. An interlocutory judgment was entered on December 12, 2018, which is, inter alia, in favor of the plaintiff and against Hamilton on the issue of liability, in favor of Inter Insurance Agency and against Hamilton dismissing Hamilton's cross claims against Inter Insurance Agency, and in favor of O'Kane and against Hamilton dismissing the second third-party complaint. Hamilton appeals from the interlocutory judgment.
The continued acceptance of premiums by an insurance carrier after learning of sufficient facts which allow for the rescission of the policy, constitutes a waiver of the right to rescind (see Leading Ins. Group Ins. Co., Ltd. v Xiao Wu Chen, 150 AD3d 977, 978; United States Life Ins. Co. in the City of N.Y. v Blumenfeld, 92 AD3d 487, 489; Scalia v Equitable Life Assur. Soc. of U.S., 251 AD2d 315). Here, contrary to Hamilton's contentions regarding the granting of both the plaintiff's motion for summary judgment on the issue of liability against Hamilton and that branch of Inter Insurance Agency's cross motion which was for summary judgment dismissing [*3]Hamilton's cross claims against it, the record demonstrated, as a matter of law, that Hamilton waived its right to assert the plaintiff's misrepresentation as a basis for rescinding the policy and disclaiming coverage by renewing the policy and accepting further premiums after it discovered the misrepresentation (see United States Life Ins. Co. in the City of N.Y. v Blumenfeld, 92 AD3d at 489; Scalia v Equitable Life Assur. Soc. of U.S., 251 AD2d at 315). Contrary to Hamilton's further contention, it did not demonstrate that the summary judgment motions were premature (see Sterling Natl. Bank v Alan B. Brill, P.C.,186 AD3d 515, 518). As Hamilton's remaining contentions regarding the plaintiff's motion and Inter Insurance Agency's cross motion are improperly raised for the first time on appeal, we affirm the respective awards of summary judgment to those parties.
We also agree with the Supreme Court's determination dismissing the second third-party complaint on the basis of the doctrine of res judicata. "The doctrine of res judicata bars the litigation of a claim or defense if, in a former litigation between the parties, or those in privity with them, in which there was a final conclusion, the subject matter and the causes of action are identical or substantially identical" (Williams v City of Yonkers, 160 AD3d 1017, 1018). "An order granting a summary judgment motion is on the merits and has preclusive effect" (Bayer v City of New York, 115 AD3d 897, 899). Here, O'Kane established his prima facie entitlement to summary judgment by submitting the order granting that branch of Inter Insurance Agency's cross motion which was for summary judgment dismissing Hamilton's cross claims against it. In opposition, Hamilton failed to raise a triable issue of fact. Contrary to Hamilton's contention, the mere pendency of an appeal does not deprive a challenged judgment or order of its res judicata effect (see Parkhurst v Berdell, 110 NY 386, 392-393; 77 Water St., Inc. v JTC Painting & Decorating Corp., 148 AD3d 1092, 1095; Matter of Beard v Town of Newburgh, 259 AD2d 613; Matter of Amica Mut. Ins. Co. [Jones], 85 AD2d 727, 728). In light of our determination, we need not reach the parties' remaining contentions regarding the second third-party action, including those concerning the denial of Hamilton's application for a stay.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court