E.W. Howell Co., LLC v Hill Intl., Inc. (2025 NY Slip Op 00719)

E.W. Howell Co., LLC v Hill Intl., Inc.

2025 NY Slip Op 00719

Decided on February 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 06, 2025

Before: Manzanet-Daniels, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 

Index No. 650142/22 Appeal No. 3636 Case No. 2023-06329 

[*1]E.W. Howell Co., LLC, Plaintiff-Appellant,
v
Hill International, Inc., Defendant-Respondent, Westchester Fire Insurance Company, Defendant.

Cokinos Young, New York (Dona Livingston of the bar of the State of Texas, admitted pro hac vice, and Roland P. Driscoll of counsel), for appellant.
Cohen Seglias Pallas Greenhall & Furman PC, New York (Evan A. Blaker of counsel), for Hill International, Inc., respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about November 9, 2023, which granted defendant Hill's motion for summary judgment dismissing the complaint's sole remaining cause of action for breach of the implied covenant of good faith and fair dealing, unanimously reversed, on the law, with costs, the motion denied, and that cause of action reinstated.
This case concerns payment on a public works construction project for a new performing arts center at Brooklyn College, which is part of the City University of New York (CUNY). The contract for the project was awarded to defendant Hill International, Inc., which then entered into a general construction contract with plaintiff E.W. Howell Co., LLC in which Howell would serve as general contractor. Article 10 of the agreement contained a "no-damages-for-delay" clause, and article 29 required that all disputes regarding the general construction contract be resolved "exclusively" by the alternative dispute resolution procedures described in that article. Over the course of the project, Howell experienced numerous delays, and it made delay-related claims for compensation arising from those delays. In a May 4, 2023 letter on City University Construction Fund (CUCF) letterhead, CUNY purported to resolve Howell's claims, rejecting Howell's request to be compensated for the delays. CUNY's determination identified three independent bases for denying Howell's claims for damages. First, it found that Howell and its subcontractors were responsible for most of the delays Howell identified. Second, it found that the no-damages-for-delay provision barred Howell's claims. Third, it found that Howell failed to submit proper documentation supporting its delay damage claims.
CUNY's determination, reached by way of the parties' contractually mandated ADR process, does not negate Howell's claim that Hill breached the covenant of good faith by frustrating the ADR process itself, and Howell is not collaterally estopped from pursuing its claim based on CUNY's determination (see Schwartz v Public Admr. of County of Bronx, 24 NY2d 65, 71 [1969]; see also City of New York v Welsbach Elec. Corp., 9 NY3d 124, 128 [2007]). Although "[t]he rule in New York . . . is that the mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding" (Matter of Amica Mut. Ins. Co., 85 AD2d 727, 728 [2d Dept 1981]), Howell's central contention is that Hill frustrated the ADR process itself, and that Hill's breaches of the covenant of good faith may have influenced CUNY's determination with respect to each of these bases. CUNY did not rule on this contention. It would defy reason to hold that Howell is collaterally estopped from contesting the very decision by CUNY that plaintiff contends was tainted by Hill's breach of good faith (see Whitestone Constr. Corp. v F.J. Sciame Constr. Co. Inc., 194 AD3d 532, 533[*2][1st Dept 2021]).
Notwithstanding CUNY's denial of damages, Howell raised triable issues of fact as to whether Hill breached the implied covenant of good faith and fair dealing by subverting the ADR process and whether its conduct caused damages. Among other things, Howell sufficiently raised issues of fact as to whether at least one of the four exceptions to the general rule that a no-damages-for-delay contract provision barred any claims for delay damages (see Corinno Civetta Const. Corp. v City of New York, 67 NY2d 297, 309 [1986]). Howell contends that defendant may have been responsible for CUNY's denial of claims on the ground that there was no proper documentation supporting Howell's delay damage claims; CUNY may have found such an exception had Hill properly forwarded all of Howell's materials to CUNY and had Hill otherwise properly administered the ADR process.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 6, 2025